David E. and Jean E. KUEHL, Plaintiffs, Appellants,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, et al., Defendants, Appellees.

No. 93–1419.

United States Court of Appeals, First Circuit.

Heard Sept. 9, 1993.

Decided Nov. 17, 1993.

Rehearing Denied Dec. 7, 1993.

Alex Komaridis, Auburn, NH, for appellants.

Richard E. Mills, Manchester, for appellees.

Before BOUDIN, Circuit Judge, COFFIN and CAMPBELL, Senior Circuit Judges.

COFFIN, Senior Circuit Judge.

The district court dismissed plaintiffs' 43-page, 358-paragraph complaint because of its failure to conform to the concise pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiffs contend that the court erred in doing so, and in failing to give them an opportunity to file an amended complaint. We cannot say that the district court abused its discretion and, accordingly, affirm the dismissal.

## I. *Procedural Background*

Plaintiffs David and Jean Kuehl originally filed this lender liability lawsuit in state court, seeking damages from two banks and numerous bank officers and directors based on foreclosures against their properties and their resulting inability to obtain credit. The state court complaint consisted of 19 single-spaced typed pages containing 36 counts against 28 defendants.

In October 1991, the two banks were taken over by federal agencies, and the action was removed to federal court. Following a status conference in early February 1992, a magistrate judge ordered plaintiffs to submit "an amended complaint" to conform the pleadings to the concise pleading requirements of Fed.R.Civ.P. 8(a).[1] The order noted the magistrate's expectation that "a review of the proposed amended complaint and the results of Rule 12(b)(6) motions [to dismiss for failure to state a claim] will reduce considerably the number of parties in the action."

Several days later, plaintiffs filed a 43-page, now double-spaced, complaint with the same number of counts, and including all of the original defendants, plus the two federal agencies. The complaint set forth, *inter alia*, eight separate counts of respondeat superior, eight counts of negligent supervision, six counts of breach of good faith, three counts of breach of fiduciary duty, three counts of negligence, and two counts of conspiracy.[2]

Defendants promptly filed motions to dismiss. They urged that the entire complaint be dismissed for failure to provide a short and plain statement of the claims as required by Rule 8(a)(2), and as ordered by the magistrate judge. The motions alternatively sought dismissal against the individual defen-

---

1. The relevant portion of Rule 8(a) states:

   A pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief....

2. The complaint's prolixity is illustrated by the counts alleged against the individual members of HomeBank's board of directors. Two of the negligence counts were against this group. One count (Count III) alleged breach of a duty to ensure that all terms and conditions of loans between the Kuehls and the bank were fulfilled and the other (Count IV) alleged breach of a duty to supervise the officers of the bank to ensure that the officers fulfilled the bank's obligations to its customers, including the Kuehls. The complaint also included two negligent supervision counts (Counts VIII and XII) charging these same defendants with essentially the same conduct. The complaint also alleged multiple respondeat superior claims against HomeBank (Counts IX, XIII, XV, XX) as the responsible employer and principal of the officers and directors.

   The counts against HomeBank's president, Charles Reese, included one for negligence (Count II), alleging that he "failed to properly supervise his subordinates and permitted the bank to breach its agreement with Kuehl," as well as two for negligent supervision (Counts VII and XI), alleging that he breached his duty and responsibility to Kuehl by failing to correct misrepresentations made to Kuehl by Reese's subordinates.

   These examples are by no means exhaustive.

dants, who had been sued only in their official capacities, and also challenged certain counts as failing to state claims upon which relief could be granted.

Plaintiffs objected to the motions, asserting that the complaint did conform to the requirements of Rule 8(a), and that every count stated a viable cause of action. They did not seek leave to further amend the complaint.

On July 23, 1992, the magistrate judge issued his Report and Recommendation calling for dismissal of the complaint because it violated Rule 8(a). He found that, despite the explicit directions in his February order, plaintiffs had "proceeded to file a verbose and redundant complaint containing the same number of counts as the original." He noted that several counts were nearly identical to each other, several other counts were ambiguous as to which defendant was named, and "[t]he possible substance of the claim is hidden in prolixity."

The Kuehls filed an objection to the recommended dismissal, complaining that no consideration had been given to the merits of their claims or to their "right" to further amend. This complaint was their first in the federal format, they pointed out, and Fed. R.Civ.P. 15(a) allows a party one amendment "as a matter of course" before a responsive pleading is served.[3] Plaintiffs did not, as part of their objection, seek leave to amend or submit a proposed amended complaint.

Plaintiffs did attempt to file a motion to amend in early September, attaching a proposed amended complaint. They also filed a dismissal without prejudice of all claims against the 21 defendants who were directors of the two banks. The court refused the motion to amend, however, because plaintiffs had not sought concurrence from the defendants, as required by Local Rule 11. No subsequent attempt was made to obtain concurrence or refile the pleading.

On September 25, 1992, the district court issued an order adopting the magistrate judge's recommendation that the complaint be dismissed in its entirety. The court noted that plaintiffs had failed to file an amended complaint meeting the requirements of Rule 8(a), as ordered, "even after the Magistrate Judge gratuitiously gave plaintiffs rather specific guidance as to how the complaint should be amended."

Plaintiffs filed a Motion for Reconsideration, stating that, in attempting to balance the various federal pleading rules, "[p]laintiffs' attorney unintentionally violated Rule 8(a)" and that dismissal with prejudice was too harsh a penalty under the circumstances. For the first time, plaintiffs submitted a proper request for permission to amend their complaint, although they did not submit a proposed new complaint. The district court denied the motion for reconsideration on March 12, 1993. This appeal followed.

The Kuehls now attack the dismissal on two fronts. First, they claim that they are absolutely entitled to another round of repleading under Rule 15(a) because they have filed only one federal complaint and defendants have not filed responsive pleadings.[4] Second, they argue that the deficiencies of their complaint were not so severe as to warrant a dismissal without the opportunity to amend.

## II.  *The Right to Amend*

Under Rule 81(c) of the Federal Rules of Civil Procedure, an action that is removed from state to federal court need not be repled "unless the court so orders." The Kuehls maintain that their original federal complaint was a repleading ordered pursuant to Rule 81(c), but that—contrary to the district court's conclusion—that redrafting did not use up their Rule 15(a) right to amend their complaint once as a matter of course.

---

**3.** The relevant portion of Fed.R.Civ.P. 15(a) states:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the

adverse party; and leave shall be freely given when justice so requires.

**4.** It is well established in this circuit that motions to dismiss are not responsive pleadings. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 59 n. 8 (1st Cir.1990).

■ We can agree, generally, with the principle that a repleading ordered under Rule 81(c) does not automatically deprive the plaintiff of the one-time option to amend granted by Rule 15(a). This seems particularly so when the repleading involves simply a change of format to fit the federal court model.

■ In this case, however, the magistrate judge explicitly ordered an *amended* complaint that was intended to contain substantive changes to meet Rule 8(a)'s requirements. The plaintiffs, therefore, had a chance to make meaningful modifications to their complaint and, indeed, were given some advice about how to do so. They point to no authority supporting the proposition that they are entitled, *as a matter of right,* to a second chance to improve the substance of their complaint. The fact that plaintiffs squandered their one guaranteed opportunity by making only stylistic changes does not yield them another.

### III. *Too Tough a Sanction?*

■ A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement. *Vakalis v. Shawmut Corp.,* 925 F.2d 34, 36 (1st Cir. 1991); *Mangan v. Weinberger,* 848 F.2d 909, 911 (8th Cir.1988). *See* Fed.R.Civ.P. 41(b). Its decision to do so is reviewable only for abuse of discretion. *Mangan,* 848 F.2d at 911; *HMG Property Investors v. Parque Indus. Rio Canas,* 847 F.2d 908, 916–17 (1st Cir.1988).

Plaintiffs now acknowledge a technical violation of Rule 8(a), conceding that their complaint is excessively long and unnecessarily redundant. They claim, however, that dismissal with prejudice is too drastic a sanction because this was "unintentional error" on the part of plaintiffs' attorney, who believed that it was essential to plead in detail in light of the magistrate's stated expectation that many defendants and some claims would be dismissed. By drafting counts in numerous, short, separate paragraphs, plaintiffs explain, they sought to permit any dismissed counts to be excised without affecting the remainder of the claims or the complaint as a whole.

■ Were plaintiffs' confessed overdrafting their only sin, we would be inclined to agree that dismissal was an overly harsh penalty. Our federal rules promote the disposition of claims on the merits rather than on the basis of technicalities, *see Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), and courts should be reluctant to impose a dismissal with prejudice for a rules violation that is neither persistent nor vexatious, particularly without some review of the merits.

These plaintiffs are culpable for more than simply an overwritten complaint, however. Their faulty pleading was not their first, but an amended version that had changed only superficially from the state court complaint, despite an order that it conform to the *concise* pleading requirements of Rule 8(a). Additionally, the magistrate judge had fairly explicitly telegraphed that the number of defendants should be "considerably" reduced. Instead, plaintiffs added two more. When plaintiffs finally attempted six weeks after the magistrate's decision to file a motion to amend, they failed to follow local rules. At no time did they properly offer the court a proposed amended complaint to cure the deficiencies.

Thus, by the time the district court acted on the magistrate judge's recommendation, it had before it a flouted order and no indication that plaintiffs were ready to conform to Rule 8(a)'s requirements. Their one apparent attempt to comply—the motion that ran afoul of Local Rule 11—had been abandoned. And defendants already had expended considerable time and expense responding to the defective complaint. *See Newman v. Commonwealth of Mass.,* 115 F.R.D. 341, 344 (D.Mass.1987) (recognizing role of " 'pragmatic matters,' " such as time and expense for defendants and court, in deciding whether complaint should be dismissed).

■ In these circumstances, the district court's decision to dismiss, though very severe, does not strike us as beyond the pale. It is well settled that the question on review "is not whether we would have imposed a

more lenient penalty had we been sitting in the trial judge's place, but whether the trial judge abused his discretion in imposing the penalty he did." *Spiller v. U.S.V. Laboratories, Inc.,* 842 F.2d 535, 537 (1st Cir.1988). We believe this decision was within the wide boundaries of the court's discretion. *See* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1217, at 178 (1990) ("[I]n some circumstances if a party fails or refuses to file an amended and simplified pleading or does not exercise good faith in purporting to do so, the severe sanction of a dismissal on the merits may be warranted."); *see also Jones v. Winnepesaukee Realty,* 990 F.2d 1, 5 (1st Cir.1993) ("Trial judges enjoy great latitude in carrying out case-management functions.")

*The order of dismissal is therefore affirmed.*