89 F.3d 823
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Cynthia M. KUETER, Plaintiff, Appellant,
v.
Allan RANCOURT, et al., Defendants, Appellees.
 No. 95-2336.
 United States Court of Appeals, First Circuit.
 June 24, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge ]
 Cynthia M. Kueter on brief pro se.
 Alton C. Stevens and Marden, Dubord, Bernier & Stevens on brief for appellees, Allan Rancourt and Kennebec Federal Savings & Loan Association.
 Robert E. Sandy, Jr. and Sherman, Sandy & Lee on brief for appellees, Hubert C. Kueter, Robert E. Sandy, Jr., William A. Lee, and Sherman, Sandy & Lee.
 Andrew Ketterer, Attorney General, and Paul Stern, Assistant Attorney General on Motion for Summary Disposition, for State appellees.
 D.Me.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, STAHL and LYNCH, Circuit Judges.
 Per Curiam.
 
 
 1
 We have reviewed the record and have read the parties' briefs and memorandum. We affirm the judgment of the district court for the reasons stated in the Recommended Decision of the magistrate judge which was adopted by the district court. The 100-page second amended complaint plainly was "redundant, rambling, and unorganized" as the magistrate judge described. Thus, to dismiss it, especially after plaintiff had been warned to file a short and concise complaint, was not an abuse of discretion. See Kuehl v. F.D.I.C., 8 F.3d 905, 908-09 (1st Cir.1993) (where plaintiffs had been warned that their complaint was too long and had been given a chance to cure the problem, the dismissal of their new, rambling 43-page complaint was not an abuse of discretion), cert. denied, 114 S.Ct. 1545 (1994). We add that, in any event, the complaint suffered from more fatal defects:
 
 
 2
 1. The district court is without power to review the state court decisions--the relief plaintiff clearly was seeking. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923).
 
 
 3
 2. Plaintiff cannot bring a civil rights action under 42 U.S.C. § 1983 against private parties. The mere fact that these parties resorted to, or appeared in, state court is insufficient to turn them into state actors. See Casa Marie, Inc. v. Superior Court of Puerto Rico, 988 F.2d 252, 259 (1st Cir.1993). Nor do plaintiff's conclusory allegations that these defendants were in a conspiracy with the state court judges suffice to bring them within § 1983's reach. See id.
 
 
 4
 3. The state judges are absolutely immune from claims for money damages. See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir.1989) (per curiam).
 
 
 5
 The judgment of the district court is affirmed. See Local Rule 27.1.