USCA1 Opinion

 

 June 24, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2336 CYNTHIA M. KUETER, Plaintiff, Appellant, v. ALLAN RANCOURT, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Cynthia M. Kueter on brief pro se. _________________ Alton C. Stevens and Marden, Dubord, Bernier & Stevens on brief _________________ ___________________________________ for appellees, Allan Rancourt and Kennebec Federal Savings & Loan Association. Robert E. Sandy, Jr. and Sherman, Sandy & Lee on brief for _____________________ ______________________ appellees, Hubert C. Kueter, Robert E. Sandy, Jr., William A. Lee, and Sherman, Sandy & Lee. Andrew Ketterer, Attorney General, and Paul Stern, Assistant ________________ ___________ Attorney General on Motion for Summary Disposition, for State appellees. ____________________ ____________________ Per Curiam. We have reviewed the record and have ___________ read the parties' briefs and memorandum. We affirm the judgment of the district court for the reasons stated in the Recommended Decision of the magistrate judge which was adopted by the district court. The 100-page second amended complaint plainly was "redundant, rambling, and unorganized" as the magistrate judge described. Thus, to dismiss it, especially after plaintiff had been warned to file a short and concise complaint, was not an abuse of discretion. See ___ Kuehl v. F.D.I.C., 8 F.3d 905, 908-09 (1st Cir. 1993) (where _____ ________ plaintiffs had been warned that their complaint was too long and had been given a chance to cure the problem, the dismissal of their new, rambling 43-page complaint was not an abuse of discretion), cert. denied, 114 S. Ct. 1545 (1994). _____________ We add that, in any event, the complaint suffered from more fatal defects: 1. The district court is without power to review the state court decisions -- the relief plaintiff clearly was seeking. See District of Columbia Court of Appeals v. ___ _________________________________________ Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust _______ ______ ______________ Co., 263 U.S. 413, 415-416 (1923). ___ 2. Plaintiff cannot bring a civil rights action under 42 U.S.C. 1983 against private parties. The mere fact that these parties resorted to, or appeared in, state court is insufficient to turn them into state actors. See ___ Casa Marie, Inc. v. Superior Court of Puerto Rico, 988 F.2d ________________ _____________________________ 252, 259 (1st Cir. 1993). Nor do plaintiff's conclusory allegations that these defendants were in a conspiracy with the state court judges suffice to bring them within 1983's reach. See id. ___ ___ 3. The state judges are absolutely immune from claims for money damages. See Cok v. Cosentino, 876 F.2d 1, ___ ___ _________ 2 (1st Cir. 1989) (per curiam). The judgment of the district court is affirmed. ________ See Local Rule 27.1. ___ -3-