[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

Nos. 98-1486
98-1645

EMMA L. JACKSON,

Plaintiff, Appellant,

v.

POLAROID CORPORATION, ET AL.,

Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Torruella, Chief Judge,
Boudin and Lipez, Circuit Judges.

Emma L. Jackson on brief pro se.
Vali Buland on brief for appellees, The Cambridge Human Rights
Commission, Margot Kosberg, Executive Director and Beatrice Acland,
Fact Finder.
Richard D. Glovsky, Daniel S. Tarlow and Glovsky, Tarlow &
Milberg LLP on brief for appellees, Polaroid Corporation, Julie O.
Petrini, Philip G. Kiely, Sr., Edward S. Roman, Richard F. Delima,
Alana Sharenow, Francis J. Caufield and Elisa Terrasi.

January 4, 1999

Per Curiam. The district court dismissed appellant
Emma Jackson's action against appellees (Polaroid Corp.,
several of its employees, the Cambridge Human Rights
Commission, and two of its agents) for failure to file a
complaint which complied with Fed. R. Civ. P. 8(a) (requiring
a "short and plain statement" of a claim). Specifically, the
complaint appellant served on appellees (an amended complaint)
consisted of 54 single-spaced typewritten pages and 141
paragraphs. The district court did not dismiss this complaint
outright, however; rather, it entered an order giving appellant
a deadline by which to file a substitute complaint that
complied with Rule 8(a).
Three weeks after the deadline passed, appellant
filed a substitute amended complaint. This time, the complaint
was 180 pages long (consisting of mainly double-spaced pages)
and contained over 350 paragraphs and over 80 counts; it also
included footnotes. After receiving the substitute complaint,
the district court dismissed the case for failure to obey its
earlier order. The court also denied appellant's motions for
reconsideration and clarification.
Fed. R. Civ. P. 41(b) provides, in relevant part,
that a district court may dismiss an action "[f]or failure of
the plaintiff . . . to comply with these rules or any order of
court . . . ." We review a Rule 41(b) dismissal for abuse of
discretion. Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1stCir. 1990). On a review of the record, we find that the
district court did not abuse its discretion in this case.
The severity, and the deliberateness, of the
violation of Rule 8 are obvious. Not only was the amended
complaint long and redundant, but, after being specifically
warned to file a complaint that complied with Rule 8, appellant
filed another complaint that suffered from the identical
problems. See Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993).
Further, that the court and the defendants would be prejudiced
by having to deal with either the amended or substitute amended
complaint also is clear. "Unnecessary prolixity in a pleading
places an unjustified burden on the court and the party who
must respond to it because they are forced to select the
relevant material from a mass of verbiage." 5 Charles Alan
Wright & Arthur R. Miller, Federal Practice and Procedure
1281, at 522 (2d ed. 1990).
Finally, it was not an abuse of discretion to employ
a sanction less drastic than dismissal. "[T]he law is well
established in this circuit that where a noncompliant litigant
has manifested a disregard for orders of the court and been
suitably forewarned of the consequences of continued
intransigence, a trial judge need not first exhaust milder
sanctions before resorting to dismissal." Figueroa Ruiz,
supra, 896 F.2d at 649 (internal quotation marks and citation
omitted). Thus, appellant's blatant disregard of the district
court's order to file a complaint that complied with Rule 8,
along with the specific warning that dismissal would follow
such noncompliance, provided a sufficient basis for the
dismissal.
Based on the foregoing, the district court also did
not abuse its discretion in denying appellant's motions for
reconsideration and clarification.
The judgment of the district court is affirmed.
Appellant's pending motions are denied as moot.