USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First Circuit
Nos. 98-1486 98-1645 EMMA L. JACKSON, Plaintiff, Appellant, v. POLAROID CORPORATION, ET AL., Defendants, Appellees. APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. George A. O'Toole, Jr., U.S. District Judge] Before Torruella, Chief Judge, Boudin and Lipez, Circuit Judges. Emma L. Jackson on brief pro se. Vali Buland on brief for appellees, The Cambridge Human Rights
Commission, Margot Kosberg, Executive Director and Beatrice Acland,
Fact Finder. Richard D. Glovsky, Daniel S. Tarlow and Glovsky, Tarlow &
Milberg LLP on brief for appellees, Polaroid Corporation, Julie O.
Petrini, Philip G. Kiely, Sr., Edward S. Roman, Richard F. Delima,
Alana Sharenow, Francis J. Caufield and Elisa Terrasi. January 4, 1999 Per Curiam. The district court dismissed appellant Emma Jackson's action against appellees (Polaroid Corp., several of its employees, the Cambridge Human Rights Commission, and two of its agents) for failure to file a complaint which complied with Fed. R. Civ. P. 8(a) (requiring a "short and plain statement" of a claim). Specifically, the complaint appellant served on appellees (an amended complaint) consisted of 54 single-spaced typewritten pages and 141 paragraphs. The district court did not dismiss this complaint outright, however; rather, it entered an order giving appellant a deadline by which to file a substitute complaint that complied with Rule 8(a). Three weeks after the deadline passed, appellant filed a substitute amended complaint. This time, the complaint was 180 pages long (consisting of mainly double-spaced pages) and contained over 350 paragraphs and over 80 counts; it also included footnotes. After receiving the substitute complaint, the district court dismissed the case for failure to obey its earlier order. The court also denied appellant's motions for reconsideration and clarification. Fed. R. Civ. P. 41(b) provides, in relevant part, that a district court may dismiss an action "[f]or failure of the plaintiff . . . to comply with these rules or any order of court . . . ." We review a Rule 41(b) dismissal for abuse of discretion. Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1stCir. 1990). On a review of the record, we find that the district court did not abuse its discretion in this case. The severity, and the deliberateness, of the violation of Rule 8 are obvious. Not only was the amended complaint long and redundant, but, after being specifically warned to file a complaint that complied with Rule 8, appellant filed another complaint that suffered from the identical problems. See Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993). Further, that the court and the defendants would be prejudiced by having to deal with either the amended or substitute amended complaint also is clear. "Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 1281, at 522 (2d ed. 1990). Finally, it was not an abuse of discretion to employ a sanction less drastic than dismissal. "[T]he law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." Figueroa Ruiz, supra, 896 F.2d at 649 (internal quotation marks and citation omitted). Thus, appellant's blatant disregard of the district court's order to file a complaint that complied with Rule 8, along with the specific warning that dismissal would follow such noncompliance, provided a sufficient basis for the dismissal. Based on the foregoing, the district court also did not abuse its discretion in denying appellant's motions for reconsideration and clarification. The judgment of the district court is affirmed. Appellant's pending motions are denied as moot.