**WATER KEEPER ALLIANCE,
et al., Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF
DEFENSE, et al., Defendants.**

**No. Civ. 00–2295(HL).**

United States District Court,
D. Puerto Rico.

Jan. 22, 2001.

Jose A. Pagan–Nieves, Celenita Romany–Arrillaga, Maria L. Jiminez–Colon, San Juan, PR, for plaintiffs.

Isabel Munoz–Acosta, U.S. Attorney's Office District of P.R., Civil Division, Hato Rey, PR, Mathew Love, Eileen T. McDonough, Marc Swartz, Washington, DC, for U.S. Department of Defense.

Mathew Love, Eileen T. McDonough, Marc Swartz, Washington, DC, for Defendants.

### *ORDER*

LAFFITTE, Chief Judge.

To commence this case, Plaintiffs filed a discursive, rambling complaint with 256 paragraphs sprawling over 52 unnumbered pages. At a November 9, 2000 status conference followed by a written order, the Court explicitly ordered Plaintiffs to file an amended complaint deleting "all irrelevant and/or inflammatory allegations by December 11, 2000." *See* Dkt. No. 15. In their informative motion and amended complaint, Dkt. Nos. 24 & 25. Plaintiffs, in complete disregard of the Court's order, unconvincingly tried to explain that they revised certain aspects of the complaint while leaving the complaint essentially intact. Finally, Defen-

dants moved to strike certain portions of Plaintiffs' Amended Complaint. Dkt. No. 30.

According to Plaintiffs, "[t]he majority of the deletions proposed by the Court ... are pled in support of Plaintiffs' Equal Protection claim." These allegations, Plaintiffs argue, constitute necessary historical background in a civil rights claim by a "suspect class" and demonstrate a "pattern and practice of differential treatment toward Plaintiffs."

In setting forth their contentions in response to the Court's order, Plaintiffs point out that their "review of case law and the Federal Rules of Civil Procedure have not revealed any definition, standard, or procedure by which allegations in a complaint are to be assessed *sua sponte,* for their relevancy or inflammatory nature."[1] The Court invites Plaintiffs' attention to Fed.R.Civ.P. 8(a)(2)'s requirement that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 8(a)(2) vests the Court with the discretion to enforce this rule with or without a motion from the opposing party. *Simmons v. Abruzzo,* 49 F.3d 83, 86–87 (2nd Cir.1995) (holding that "the district court has the power, on motion or *sua sponte,* to dismiss the complaint or to strike such parts as are redundant or immaterial") (quoting *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2nd Cir. 1988)). *See also Goldstein v. Harvard University,* 74 F.3d 1224 (1st Cir.1996) (affirming district court order dismissing a 258–paragraph complaint without prejudice because of its failure to conform to the concise pleading requirements of Rule 8(a)(2)) (table case); *Kuehl v. F.D.I.C.,* 8 F.3d 905, 908 (1st Cir. 1993) (holding that "[a] district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement"), *cert. denied* 511 U.S. 1034, 114 S.Ct. 1545, 128 L.Ed.2d 196 (1994).

Similarly, Rule 12(f) provides that the Court may on its "own initiative at any time, ... order stricken from any pleading any ... redundant, immaterial, impertinent, or scandalous matter." *See also Alvarado–Morales v. Digital Equipment Corp.,* · 843 F.2d 613, 618 (1st Cir.1988) (stating that "[a] court has considerable discretion in striking 'any redundant, immaterial, impertinent or scandalous matter,'" including statements that are "superfluous descriptions and not substantive elements of the cause of action") (citing Fed. R.Civ.P. 12(f); *Boreri v. Fiat S.p.A.,* 763 F.2d 17, 23 (1st Cir.1985)).

The·Amended Complaint, still weighing in at a morbidly obese–256 numbered paragraphs and 48 pages, falls well within the range of pleadings that have been routinely dismissed outright by many district courts and at least ordered amended by others. *See* 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1217 (1990 and Supp.2000). In this case, such amendment is necessary before these proceedings continue.

Keeping in mind the principles embodied in Rules 8(a)(2) and 12(f), the Court hereby orders the following paragraphs, as numbered in the Amended Complaint, stricken on grounds of their being inflammatory or simply immaterial to the present suit:

> 61–83, 85–91, 95–96, 133 (only the sentence that reads, "Navy personnel have stated that their superiors warned them to be on constant guard around Viequenses whom they described as thieves and uncivilized"), 140, 168–180, 182–86, 188–89, 192, 201, 233–38, 240, 242–43, 251, 256.

Plaintiffs shall file an amended complaint omitting these allegations by February 23, 2001 under pain of having their complaint dismissed. Defendants shall answer or otherwise plead by March 23, 2001.

**It Is So Ordered.**

---

1. Counsel for Plaintiffs are reminded of the strictures of Fed.R.Civ.P. 11 on conducting a "reasonable inquiry" before making representations to the Court. Based on Plaintiffs' assertion, it is evident that Plaintiffs have woefully failed to comply with Rule 11. *See Protective Life Ins. v.*

*Dignity Viatical,* 171 F.3d 52, 56 n. 2 (1st Cir. 1999) (pointing out that Rule 11 "creates, *inter alia,* standards of reasonable inquiry for legal and factual contentions embodied in pleadings and presented to a court").