**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JUSTIN JOSEPH RUEB,

    Plaintiff-Appellant,

v.

FRANK E. RUYBALID; COLORADO
STATE PRISON; ROBERT FLORES;
EUGENE ATHERTON; MARY SMITH;
DENNIS BURBANK; DAN
SCHLESINGER; KAREN COOPER;
CHARLES SANCHEZ; S. SCHUH; JOE
HUNTER; DEFUSCO; J.I. SIMS; W.W.
ENGLAND; J. DALTON; B. BAUMAN;
G.A. HARRIS, Jane Doe; G. PITMAN;
MIKE WEBB; KEN PADILLA; BRIAN
MCFAR; S. CORTEZ; JASON YOUNG;
THERESA REYNOLDS; MIKE
VETRANO; DR. MURPHY; DR.
ORVILLE NEUFELD; KIM BURFORD;
DAVID D. HOBS,

    Defendants-Appellees.

No. 01-1235

(D.C. No. 00-Z-2423)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Justin Joseph Rueb, a state prisoner appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Rueb filed his civil rights complaint on December 1, 2000. On December 14, 2000, the magistrate judge directed Rueb to file an amended complaint that complied with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rueb filed an amended complaint on February 14, 2001. The district court found:

> Although Mr. Rueb may have made some efforts to comply with the particulars of the magistrate judge's December 14, 2000, order for an amended complaint, he has failed to comply with its spirit. Mr. Rueb's claims are deficient and subject to dismissal. Although the amended complaint must be construed liberally, the Court should not assume the role of advocate for the pro se litigant. [Citation omitted.] A complaint must specify, simply and concisely, the specific claims for relief the plaintiff is asserting.

Order at 4. The complaint was dismissed without prejudice for failure to comply with Fed. R. Civ. P. 8(a).

On appeal, Rueb contends the district court abused its discretion in dismissing his complaint for "allegedly failing to comply with deficiency cure orders to the court's satisfaction," and the court erred in failing to recognize the fact that "prisoners filing

2

complaints must be allowed to state and set out additional facts in their complaints so as to ensure they survive the various frivolous inquiries." Br. at 3.

We review a district court's decision to dismiss an action without prejudice for failing to comply with Rule 8(a) for an abuse of discretion, recognizing that the decision is one within the sound discretion of the district court. See Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993). We have reviewed the record on appeal and conclude that the district court did not abuse its discretion in dismissing Rueb's complaint.

The district court's dismissal of the complaint is AFFIRMED for substantially the same reasons as stated in the court's order filed April 18, 2001. Rueb's motion to proceed on appeal in forma pauperis is DENIED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3