Rex Gifford BURTON, Plaintiff–Appellant,

v.

COLORADO DEPARTMENT OF SOCIAL SERVICES; Social Security Administration; Boulder County Department of Social Services, Defendant–Appellee.

No. 01–1259.

United States Court of Appeals, Tenth Circuit.

Dec. 13, 2001.

Before EBEL, KELLY, and LUCERO, Circuit Judges.*

ORDER AND JUDGMENT **

PAUL KELLY, JR., Circuit Judge.

Plaintiff–Appellant Rex Gifford Burton, appearing pro se, seeks to appeal the dis-

---

* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of

this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order

trict court's order of dismissal without prejudice of his amended complaint for failure to comply with Fed.R.Civ.P. 8(a).

Mr. Burton filed a pro se complaint on February 21, 2001 against the State of Colorado Division of Vocational Rehabilitation. He was subsequently directed by the magistrate judge to submit an amended complaint that complied with the pleading requirements of Fed.R.Civ.P. 8(a). On March 21, 2001, Mr. Burton submitted an amended complaint naming as defendants the United States Social Security Administration, the State of Colorado Department of Social Services, and the Boulder County Department of Social Services. On April 5, 2001, the district court dismissed without prejudice Mr. Burton's amended complaint. Specifically, the district court noted that Mr. Burton failed to set forth a short and plain statement of the grounds upon which the court's jurisdiction depends in violation of Fed.R.Civ.P. 8(a)(1) and short and plain statements of his claims showing that he is entitled to relief in violation of Fed.R.Civ.P. 8(a)(2). Doc. 6. at 2–3.

We review the dismissal without prejudice of a complaint for failure to comply with Rule 8(a) for abuse of discretion. *See Kuehl v. FDIC,* 8 F.3d 905, 908 (1st Cir. 1993). Abuse of discretion is defined as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Coletti v. Cudd Pressure Control,* 165 F.3d 767, 777 (10th Cir.1999). After reviewing Mr. Burton's amended complaint, we find that the district court did not abuse its discretion. While we liberally construe pro se pleadings, pro se status does not excuse failure to comply with the funda-

mental requirements of the Federal Rules of Civil Procedure. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994).

AFFIRMED. We GRANT Mr. Burton's request for leave to proceed in forma pauperis.

* This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case.

The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.