**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 12 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CYNTHIA ROMO,

　　　　Plaintiff-Appellant,

v.

DEPARTMENT OF CORRECTIONS
(Women's Facility); HILLARY
VICTOROFF, P.A.; BRENDA
NOBLE; and DANIEL DEPRIEST,

　　　　Respondents-Appellees.

No. 03-1456

(D. Colorado)

(D.C. No. 03-Z-956)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument. *See* Fed. R. App. P. 34(a)(2)(c). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Proceeding pro se, Cynthia Romo appeals from an order of the district court dismissing without prejudice her amended civil rights complaint for money damages filed pursuant to 42 U.S.C. § 1983. Ms. Romo alleges that she has received inadequate medical care and that she was denied participation in the institutional grievance procedure. Ms. Romo also seeks to proceed in forma pauperis on appeal.

We construe Ms. Romo's filings in this court liberally, as we are required to do under the standards of *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). The magistrate judge and the district court also construed the pleadings in that court liberally. The magistrate judge ordered Ms. Romo to file, within thirty days, an amended complaint that would comply with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure if she wished to pursue her claims. The magistrate judge also informed Ms. Romo that she could not sue the DOC or its entities for money damages because the State of Colorado and its entities are protected by Eleventh Amendment immunity.

Ms. Romo filed an amended complaint within that time frame, but the district court determined that she failed to cure the deficiencies. She still failed "to delineate, clearly and succinctly, the exact reason or reasons she is suing each Defendant." Rec. doc. 11, at 3 (Dist. Ct. Order, filed Oct. 2, 2003). She also

persisted in attempting to sue the DOC. The district court therefore dismissed the complaints and the action in the district court without prejudice.

We review the dismissal without prejudice of a complaint for failure to comply with Rule 8(a) for abuse of discretion. *See Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993). Abuse of discretion is defined as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) (internal quotation marks omitted). We hold that the district court did not abuse its discretion. Ms. Romo clearly has not met the requirements of Fed. R. Civ. P. 8(a). We therefore AFFIRM the order of the district court for substantially the reasons given by the magistrate judge and the district court, and we DENY Ms. Romo's motion to proceed in forma pauperis. Thus, Ms. Romo is responsible for the immediate payment of the unpaid balance of the appellate filing fee.

Entered for the Court,

Robert H. Henry
Circuit Judge