**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2253

ABUL MAKSUD SAYIED,
Plaintiff, Appellant,

v.

KEVIN WHITE, ET AL.,
Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

Abul Maksud Sayied on brief pro se.
David P. Bodanza and Bodanza & Bodanza on brief for appellees
Kevin White and Athol Credit Union.
Scott Douglas Burke, Sean F. McDonough, Richard W. Jensen and
Morrison, Mahoney & Miller, LLP on brief for appellee Richard
Plotkin.
Barry A. Bachrach, Kimberly A. Stone and Bowditch & Dewey, LLP
on brief for appellee Bank of New England/Fleet Bank.

March 12, 2004

**Per Curiam**.  Abul Maksud Sayied appeals the district court's dismissal without prejudice of his complaint for failure to comply with Rule 8(a) and (e) of the Federal Rules of Civil Procedure.  Although Sayied has expressly requested oral argument, we conclude that no substantial question is presented by the appeal and therefore deny the motion.  See 1st Cir. R. 27(c).  Sayied's de facto request to append an addendum to his reply brief is granted.

The district court's dismissal for failure to comply with the requirements of Rule 8 is subject to review only for abuse of discretion.  Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993).  "Dismissal [for noncompliance with Rule 8] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  The complaint in this case unquestionably falls into that category and is so prolix, redundant and unintelligible that it would have been unreasonable to expect defendants to frame a response to it.  Accordingly, we discern no abuse of discretion in the district court's determination nor in its choice of sanction. See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1281, at 522 (2d ed. 1990)("Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage").

To the extent Sayied contends that the district court's decision was motivated by bias or discrimination, he has offered nothing in support of those allegations other than the fact that the court dismissed his complaint.  As discussed, dismissal was proper.

Affirmed.  See 1st Cir. R. 27(c).