**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2044

MICHAEL MIRANDA, JR.,

Plaintiff, Appellant,

v.

UNITED STATES, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Morris E. Lasker, <u>Senior U.S. District Judge</u>]

Before

Torruella, Lipez and Howard,
<u>Circuit Judges.</u>

<u>Michael Miranda, Jr.</u> on brief pro se.
<u>Michael J. Sullivan</u>, United States Attorney, and <u>Eugenia M. Carris</u>, Assistant U.S. Attorney on Memorandum in Support of Motion for Summary Disposition.

July 23, 2004

**Per Curiam**. Michael Miranda, Jr., acting pro se, appeals the district court's dismissal of his complaint for failure to comply with Rules 8(a), 8(e) and 10(b) of the Federal Rules of Civil Procedure. We review the district court's determination for abuse of discretion. Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993).

"Dismissal [for noncompliance with Rule 8] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). To the extent the district court found that the complaint in this case fell into that category, its determination is unassailable. The complaint is prolix, disjointed, replete with legal conclusions, and it is often difficult if not impossible to tell whether the allegations relate to grievance proceedings Miranda's wife pursued with her employer or to Miranda's criminal investigation and prosecution. Defendants could not reasonably have been expected to respond to such allegations. See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1281, at 522 (2d ed. 1990)("Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage"). The district court's choice of sanction, though harsh, was not an abuse

of discretion given Miranda's apparent desire to stand on his defective pleading.

Affirmed. See 1st Cir. Loc. R. 27(c).