**SHERWOOD FOREST NEIGHBORS ASSOCIATION, INC., et al,**
Plaintiffs

v.

**TOWN OF BECKET, et al, Defendants.**

**Civ. A. No. 05–30237–MAP.**

United States District Court,
D. Massachusetts.

Dec. 18, 2006.

Carl N. Edwards Edwards & Associates, Dover, MA, for Plaintiffs.

Richard J. O'Brien, Pittsfield, MA, for Defendants.

*MEMORANDUM AND ORDER RE-
GARDING MOTIONS FOR MIS-
CELLANEOUS RELIEF (Dkt. Nos.
41, 44, 47, 58, 59, 60, 64, 66, 71, and
72)*

PONSOR, District Judge.

This is an action by six citizens and two citizens' groups from the Town of Becket ("the Town") against the Town and against Deborah Capeless ("Capeless"), the clerk of the Berkshire County Superior Court. Although, as will be discussed below, the ungainly and often impenetrable form of the complaint makes comprehension of Plaintiffs' formal causes of action virtually impossible, the general motivation of Plaintiffs' application to the court appears to be as follows.

Plaintiffs are inhabitants of a subdivision in Becket known as Sherwood Forest, first designed in the 1950's. A decision of the Berkshire County Superior Court in the 1990's transferred to the Sherwood Forest Neighbors' Association ("SFNA"), one of the Plaintiffs here, responsibility for the common areas of the subdivision, which include a number of dams, lakes, and waterways.

According to Plaintiffs, Becket town officials have issued various permits for construction activities in Sherwood Forest in contravention of local zoning laws and in a manner that creates a risk of serious environmental degradation within the subdivision. Most significantly, Plaintiffs allege that Defendant Capeless has used her power as clerk of the Superior Court as part of a conspiracy with Town officials to obstruct and delay efforts by Plaintiffs and persons allied with them to obtain redress for these zoning and environmental violations from the state court. Proceedings in pending state court cases raising many, if not all, of the issues presented by this federal litigation have been stalled for years, Plaintiffs say, by the illegal conduct of Capeless. Plaintiffs also claim that the Town retaliated against them for exercise of their constitutional rights to express their opinions and to petition the government, even to the extent of orchestrating a campaign of physical intimidation against them.

After some preliminaries, most of the parties now before the court first appeared on June 8, 2006 for argument on Plaintiffs' motion for preliminary injunction, the Town's motion to dismiss, and the motion to dismiss of then-Defendants Media News Group, Inc., New England Newspapers, Inc., and the Berkshire Eagle, a local newspaper whom Plaintiffs charged with participating generally in the conspiracy against them. The following day, the court denied Plaintiffs' motion for preliminary injunction on the ground that they had failed to establish any of the four criteria needed to support such relief. The court denied the Town's motion to dismiss without prejudice, giving Plaintiffs the opportunity to file a further amended complaint in conformance with Fed. R.Civ.P. 8. The motion of Media News Group, Inc., New England Newspapers, Inc., and the Berkshire Eagle was allowed. Defendant Capeless by that time had not appeared and was on the verge of being defaulted.

At the hearing, the court emphasized, as diplomatically but also as clearly as possi-

ble, that Plaintiffs' complaint was in flat violation of Fed.R.Civ.P. 8—a prolix, wandering, impenetrable mess. The court emphasized that, as a member of the bar, Plaintiffs' counsel, who is also a party, had the responsibility to comply with the rules and practices governing pleadings in this court.

To drive this point home, the court, on June 9, 2006, issued a scheduling order explicitly requiring Plaintiffs' counsel to file an amended complaint in full compliance with Rule 8, no later than July 28, 2006. Paragraph 1 of the order concluded with unusually blunt language:

> In drafting the amended complaint, counsel will avoid unnecessary surplusage, citation to case law and (except as absolutely necessary) reference to attachments. In drafting the new pleading, Plaintiffs are strongly advised to confer with an attorney experienced in litigating civil rights cases in federal court.

(Dkt. No. 32, Scheduling Order 1.)

On July 28, 2006, Plaintiffs filed their amended complaint in flagrant violation of the court's scheduling order. The document's seventy-one numbered paragraphs can only be understood by reference to fifty-two footnotes, incorporating "Attachment A," which is a series of twelve affidavits totaling over 100 pages. The body of the complaint itself does not contain any formal claims for relief, but rather directs the reader to "Attachment B," a rambling legal memorandum, complete with citations, and unnumbered references to various legal theories.

Significantly, the complaint includes no formal request for injunctive relief, despite the fact that Plaintiffs' separate, detailed motion for preliminary injunction seeks extensive, immediate action from the court. With knowledge of the prior ruling dismissing Media News Group, Inc., New England Newspapers, Inc., and the Berkshire Eagle, Plaintiffs' counsel continues to name these parties as Defendants.

Virtually every paragraph of the complaint and the attachments is swollen with irrelevant rhetorical flourishes. For example, paragraph 69 of the Complaint's body states that "in filing this federal civil rights action, the people of Sherwood Forest have made public a dark and poorly kept secret: that the treatment of Sherwood Forest, and its exclusion from access to judiciary [sic] redress, is just one example of politics as usual in Berkshire Country [sic]." In paragraph 52 of Attachment B, the document refers to the fact that Sherwood Forest "is today a deeply wounded Community," and paragraph 63 avers that the actions of defendant Capeless "intimidated ever [sic] lawyer who has every [sic] wanted to live in Berkshire County or practice in her court."

After filing the new amended complaint, Plaintiffs, as noted, filed a new motion for preliminary injunction (Dkt. No. 44), seeking, among other things, immediate suspension of all building permits for new construction on lots in Sherwood Forest of less than two acres, as well as removal of construction from certain other lots and restoration of these parcels to their original condition. In a later-filed motion to amend their motion for preliminary injunction, Plaintiffs offered the affidavit of former major league baseball player Jim Bouton, seeking to incorporate into the affidavit the entire contents of his book, *Foul Ball.* Perusal of this book, Plaintiffs argued, would add support to their allegations regarding the general Berkshire County political and judicial environment.

Following issuance of the scheduling order, counsel for Defendant Capeless immediately filed an appearance and a motion to dismiss the original complaint. A second

motion to dismiss the new complaint followed. (See Dkt. Nos. 41 and 47.) The grounds for dismissal include lack of ripeness, Eleventh Amendment immunity (the complaint names Capeless only in her official capacity), lack of subject matter jurisdiction, existence of adequate alternative state remedies, and failure to state a claim.

The Town of Becket has also filed a motion to dismiss and motion for summary judgment (see Dkt. Nos. 59 and 60), arguing lack of standing, failure to allege that any constitutional violations emanated from a Town custom or police, no cognizable evidence in the record of any conspiracy between town officials and Defendant Capeless, and failure to state a claim.

Replying to these motions and also, apparently, in response to the Town's Answer to their second amended complaint, as well as to the opposition to their new motion for preliminary injunction, Plaintiffs have filed something they style "Offer of Proof and Related Motions," which the clerk has re-captioned as a Motion for Judgment on the Pleadings (Dkt. No. 58), giving it a title as close as possible to a recognized pleading to permit electronic docketing.

Counsel appeared on November 28, 2006 for argument on these motions. At that time, the court, on its own initiative, raised the question of whether Plaintiffs' continued failure to comply with Fed.R.Civ.P. 8, and their violation of the court's scheduling order, constituted independent grounds for dismissal. All parties were given a full opportunity to be heard on this issue, with Plaintiffs' counsel defending his pleading and seeking, if necessary, a further oppor-

tunity to amend, and Defendants' counsel arguing that dismissal was proper.[1]

Based on the foregoing, the court hereby orders the complaint in this matter dismissed for failure to comply with Fed. R.Civ.P. 8 and for violation of the court's scheduling order. Plaintiffs' counsel, a member of the bar of this court, was informed in the clearest terms, both orally and in writing, of the requirements of Rule 8. Specific conditions were established by the court for the pleading in the scheduling order. The court has no confidence that a further opportunity for amendment will produce a complaint containing the sort of short, plain statements that the rules require.

In *Kuehl v. F.D.I.C.*, 8 F.3d 905 (1st Cir.1993), the First Circuit affirmed a district court's dismissal of a complaint with prejudice due to the plaintiffs' failure to "file an amended complaint meeting the requirements of Rule 8(a), as ordered, even after the Magistrate Judge gratuitously gave plaintiffs rather specific guidance as to how the complaint should be amended." *Id.* at 907 (internal quotation marks omitted).

Like the *Kuehl* appellants, Plaintiffs "argue that the deficiencies of their complaint [a]re not so severe as to warrant a dismissal without the opportunity to amend." *Id.* However, like the *Kuehl* defendants, the Town and Capeless have already "expended considerable time and expense responding to the defective complaint," *id.* at 908 (citing *Newman v. Commonwealth of Mass.*, 115 F.R.D. 341, 344 (D.Mass.1987)), and this court has "before it a flouted order and no indication that plaintiffs [a]re

---

1. Six days after the hearing, Plaintiffs filed a "Motion for Case Conference," which includes a forty-five paragraph "Plain Language Statement of the Case." (Dkt. No. 71.) In response, the Town and Defendant Capeless filed a joint motion to strike Plaintiffs' motion on the grounds that it disregards prior orders of this court and ignores the Federal Rules of Civil Procedure. (Dkt. No. 72.) As will be discussed, both these motions will be denied as moot.

ready to conform to Rule 8(a)'s requirements," *id.*

As a backdrop to dismissal of this action, it is useful to note two things. First, the substantive deficiencies in Plaintiffs' claims, viewed as *federal* court matters, are glaring and almost certainly would have been fatal to this lawsuit. Second, Plaintiffs' prior lawsuit against the Town in state court, the far more appropriate forum for this action, is proceeding apace and will provide Plaintiffs a full opportunity to obtain any remedies to which they are entitled.

Based on the foregoing, all pending motions, including docket numbers 41, 44, 47, 58, 59, 60, 64, 66, 71, and 72 are hereby DENIED as moot. The clerk will enter judgment of dismissal. This case may now be closed.

It is So Ordered.