F I L E D
**United States Court of Appeals
Tenth Circuit**

**January 3, 2007**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEITH E. FRAZIER,

      Plaintiff-Appellant,

v.

JOE ORTIZ, Executive Director,
Colorado Department of Corrections
(CDOC); HOYT A. BRILL, Warden, Kit
Carson Correctional Center (KCCC);
CORRECTIONS CORPORATION OF
AMERICA (CCA); COLORADO
DEPARTMENT OF CORRECTIONS;
KIT CARSON CORRECTIONAL
CENTER; MICHAEL ARRELANO,
Chief, CDOC Private Prisons Monitoring
Unit; BRIAN FERRELL, Vice President,
CCA State Customer Relations;
ANTHONY A. DeCESARO, Step III
Grievance Officer, CDOC; DANA
BUSTOS, Inmate Classification
Representative/Spokesperson, CDOC,
John/Jane Doe #1, Administrative Head,
Denver Reception & Diagnostic Center;
NOLIN RENFROW, Director of Prisons,
CDOC, John/Jane Doe #2, Manager of
Offender Management, CDOC;
CENTRAL CLASSIFICATION
COMMITTEE, CDOC; FACILITY
CLASSIFICATION COMMITTEE, KCCC,
John/Jane Doe #3, Case Management
Supervisor, KCCC; TERESA REYNOLDS,
Legal Assistant II/Office of Correctional
Legal Services/Central Reading Committee,
CDOC; CATHIE HOLST, Manager of Office
of Correctional Legal Services/Central
Reading Committee Chairperson, CDOC,

No. 06-1286
(D.C. No. 06-CV-0309-ZLW)
(D. Colorado)

John/Jane Doe #4, Chief of Rehabilitation Services, CDOC, John/Jane Doe #5, Sex Offender Treatment and Monitoring Program Administrator, CDOC; OFFENDER READING MATERIAL COMMITTEE, KCCC, John/Jane Doe #6, Chief of Clinical Service, KCCC, John/Jane Doe #7, Assistant Director of Clinical Services, Services, KCCC; REED BERNDT, Mental Health Coordinator, KCCC; D. TERRY, Business Manager/Legal Department, KCCC; FUCHS, Litigation Coordinator, KCCC; CYNTHIA WILKINSON, A Unit Manager/Disciplinary Hearing Committee, KCCC; NOTHTURFT, Property Officer, KCCC; CAPTAIN ERHART, KCCC; TAYLOR, Lieutenant, KCCC; McLINSKY, Correctional Officer, KCCC; TRACHSEL, Correctional Officer, KCCC; STEVE PHILLIPS, Property Officer, KCCC; GREG WILKINSON, B Unit Manager, KCCC; BALLWEG, Case Manager, KCCC; MAILROOM CLERKS, KCCC; REYMAN, Case Manager, KCCC; WISEMAN, Liason [sic], CDOC Private Prisons Monitoring Unit; RENEE BAIR, Programs Manager/Grievance Officer, KCCC; CAPTAIN MORALES, KCCC; BREEDLOVE, Chief of Security, KCCC; OFFICER HALL (rank unknown), KCCC; OFFICER SANDOVAL (rank unknown), KCCC; VAUGHN, Grievance Officer, KCCC; R. GALINDO, Captain KCCC; DYCUS, Librarian/Law Librarian, KCCC; LAMPE, Case Manager, KCCC; SUTERLEE, Grievance Officer, KCCC; SERGEANT KEIL, KCCC; SPRADLING, Case Manager, KCCC; FRANZ, Grievance Officer,

-2-

KCCC,

    Defendants-Appellees.

---

## ORDER AND JUDGMENT[*]

---

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, ordered submitted without oral argument.

Keith Frazier, a Colorado prisoner appearing pro se, appeals the dismissal of his amended complaint without prejudice for failing to file a short and plain statement of his claims.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

### I.

Frazier commenced this suit by filing a 149 page complaint with the district court, alleging a host of constitutional violations by prison officials.  After attempting to sift through the complaint, the magistrate judge ordered Frazier to file an amended complaint

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

because the poor quality of the copy submitted to the district court rendered parts of it illegible and its bulk prevented the parties and the court from having notice as to the nature of his claims.

In response, Frazier filed an amended complaint totaling 136 pages that was in most respects identical to his original complaint. Simultaneously, Frazier objected to the order requiring an amended complaint, on the ground that editing his complaint any further risked "upsetting the delicate balance of his intricately interwoven complaint. . . ." Objection to Order of Magistrate Judge to Amend Compl. at 4. Frazier reported that he had removed one claim, but that the sheer number of defendants – fifty-one – prevented him from trimming the complaint any more. Id. at 3-4. Concluding that the amended complaint was still "excessively long," the district court dismissed Frazier's complaint for failing to "contain a short and plain statement of Mr. Frazier's claims showing that he is entitled to relief in this action." Order and J. of Dismissal at 4. The district court subsequently overruled Frazier's objection to the order requiring an amended complaint, along with a supplemental objection, because it had already dismissed the case.

Frazier then filed this appeal without paying the filing fee. The district court denied Frazier's motion for leave to proceed on appeal in forma pauperis, finding that Frazier had not identified the existence of a reasoned, nonfrivolous argument. Frazier thereafter consented to making partial payments of the filing fee from his prison account.

II.

We review the district court's decision to dismiss Frazier's amended complaint

-4-

without prejudice for abuse of discretion. Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993). Rule 8(a) commands that a complaint shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." The district court determined that Frazier's amended complaint offered no "*short* and *plain* statement" because of its excessive length and illegible print. Frazier argues on appeal that he was unable to shave off more material because he is incarcerated and is suing fifty-one defendants. Frazier further contends that the magistrate judge's order was too vague as to how short the complaint should be.

The short and plain statement rule is a de minimus requirement, compelling the plaintiff only to give his opponents "'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" USW v. Or. Steel Mills, Inc., 322 F.3d 1222, 1228 (10th Cir. 2003) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). We require only "a generalized statement of the facts from which the defendant may form a responsive pleading. . . ." New Home Appliance Ctr., Inc. v. Thompson, 250 F.2d 881, 883 (10th Cir. 1957).

Our review of both of Frazier's complaints reveals that they fall below this standard by quite a distance. Frazier's original and amended complaints total 149 and 136 pages, respectively. Many of the pages are virtually unreadable because the print is too light. Much of the included detail is unnecessary to give fair notice to the defendants. For instance, the first paragraph of Claim One explains that it seeks recovery for confiscation and destruction of personal property in violation of Frazier's rights under the

Fourth, Sixth, and Fourteenth Amendments. Instead of moving on to his next claim, Frazier then launches into a sprawling chronicle of the alleged loss of his property and his experiences with the prison grievance system. In addition, he lists the defendants individually at the beginning of his complaint and then lists them again in his relief section, thereby wasting dozens of pages on repetitive information.

While Frazier contends that the unique nature of his case requires this level of detail, he gives no explanation why his case is so different from the norm that he must include such minute detail. Without commenting on the merits of his claims, his allegations appear to present a fairly typical prisoner lawsuit involving accusations that the prison has taken his property, retaliated against him for filing grievances, and failed to give adequate notice as to when breakfast would be served. Further, if Frazier is concerned that a short and plain statement will be insufficient to define the factual and legal bases of his claims, "the liberal opportunity for discovery and the other pretrial procedures established by the" Federal Rules of Civil Procedure solve that potential problem. Conley, 355 U.S. at 47-48. At the moment, his extended discussion of his claims cloud, rather than illuminate, whatever facts and law may support his right to recovery.

Frazier tries to save his complaints by arguing that Rule 8(a) establishes a floor (the complaint must *at least* be "a short and plain statement") instead of a ceiling (the complaint must be *no more than* "a short and plain statement"). We have previously indicated, however, that Rule 8(a) establishes the latter: "It is sufficient, *and indeed all*

*that is permissible*, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary *or permissible. . . .*" Thompson, 250 F.2d at 883 (emphases added). This interpretation of Rule 8(a) squares with the plain text of the rule, which requires the complaint to be a short and plain statement. See Fed. R. Civ. P. 8(a) ("A pleading . . . *shall contain . . .* a short and plain statement of the claim showing that the pleader is entitled to relief. . . .") (emphasis added).

Finally, Frazier asserts that he complied as best he could given what he characterizes as vague direction from the magistrate judge. On the contrary, the magistrate judge directed Frazier to submit an amended complaint that was "simple, concise, and direct" and that "present[ed] his claims in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims." Magistrate Judge Order at 4. Whatever uncertainty Frazier may have had after reading this order, it clearly should have left him with the impression that more than a nine percent reduction (thirteen pages out of 149) was in order. We therefore find no abuse of discretion in the district court's dismissal of Frazier's amended complaint.[1]

---

[1] Frazier also objects to the portion of the magistrate judge's order directing him to serve each defendant with a copy of his complaint. Because the district court did not rely on this ground in dismissing his complaint, we need not address this issue.

III.

The judgment of the district court is AFFIRMED. Frazier's request to proceed on appeal in forma pauperis is DENIED. Frazier must make immediate payment of the unpaid balance due on his filing fee.

Entered for the Court

Mary Beck Briscoe
Circuit Judge