**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 23 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

NELSON OLIVER DUARTE,

　　　　　Petitioner - Appellant,

v.

MICHAEL V. PUGH, Warden;
HAWK, Federal Bureau of Prisons
Director; COOKSEY; HARRELL
WATTS, General Counsel;
G.L. HERSHBERGER, Regional
Director; R. MADISON;
E. ROCKWELL; M. COLLINS;
V. SUDLOW; MARTIN; MARONI;
CONFER; L. SMITH DITO; SHERRY
BEICKER, in their personal and
official capacities,

　　　　　Respondents - Appellees.

No. 02-1177
D.C. No. 01-Z-2002
(D. Colorado)

ORDER AND JUDGMENT  *

Before **BRISCOE** , Circuit Judge,  **BRORBY** , Senior Circuit Judge, and  **HARTZ** ,
Circuit Judge.

---

\*　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Pro se appellant Nelson Oliver Duarte filed a petition for habeas relief under 28 U.S.C. § 2241. The district court subsequently determined that the petition asserted civil rights claims; accordingly, it directed Duarte to file a civil rights complaint. In conjunction with the amended complaint, Duarte was ordered either to pay the $150.00 filing fee or to submit a motion to proceed under 28 U.S.C. § 1915.

Section 1915 requires that a prisoner submit a certified trust fund account statement covering the six-month period prior to the filing of the prisoner's complaint. *See* 28 U.S.C. § 1915 (a)(2). After receiving three extensions of time, Duarte filed an account statement that was not certified by prison officials and did not pertain to the relevant six-month time period. The district court dismissed his complaint without prejudice. R. Doc. 22 at 1-3. Duarte argues that it was error to dismiss his complaint because he has no control over whether prison officials produce correctly certified documents.

We review dismissal for failure to cure a defect for abuse of discretion. *Cf. Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (dismissal of in forma pauperis

complaint on ground of frivolousness under § 1915(d) reviewed for abuse of discretion); *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993) (dismissal without prejudice for failure to comply with Fed. R. Civ. P. 8 reviewed for abuse of discretion).

While a pro se litigant's pleadings are to be liberally construed, he must still follow the rules of federal and appellate procedure. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). It is Duarte's responsibility to provide a properly certified account statement in support of his motion to proceed under § 1915. If he was unable to obtain the proper documentation, he should have made the district court aware of these circumstances, rather than attempting to explain this defect for the first time on appeal. *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir.) (court may decline to address arguments raised for the first time on appeal), *cert. denied*, 123 S. Ct. 388 (2002).

We conclude that the district court did not abuse its discretion in dismissing the complaint without prejudice upon receiving a deficient account statement. Accordingly, the judgment of the United States District Court for the District of Colorado is AFFIRMED.

The district court denied Duarte's motion to proceed under § 1915 on appeal because he failed to present a reasoned, nonfrivolous argument on the law and facts on the issues raised. R. Doc. 29 at 1. We agree and similarly DENY

Duarte's motion to proceed without prepayment of fees, and order immediate payment of the fees due.

Entered for the Court

Harris L Hartz
Circuit Judge