**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AHMED ABDELSAMED,

        Plaintiff - Appellant,

v.

STATE OF COLORADO; EL PASO
COUNTY; DAVID PARRISH,
individually and in his official
capacity as El Paso District Court
Judge; DAVID GRIFFITH,
individually and in his official
capacity as El Paso Courthouse
Magistrate; REBECCA BROMLEY,
individually and in her official
capacity as El Paso County Judge;
DONALD CAMPBELL, individually
and in his official capacity as El Paso
Courthouse Judge,

        Defendants - Appellees.

No. 00-1470

(D.C. No. 00-WM-1629)

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff, proceeding pro se, originally filed a 282-page complaint. The district court struck the complaint because it failed to set forth "a short and plain statement of the claim" as required by Federal Rule of Civil Procedure 8(a). The court instructed Plaintiff to file an amended complaint conforming to rule 8(a). Plaintiff responded by filing a 103-page complaint, which the court again found noncompliant with rule 8(a) and therefore dismissed the suit without prejudice. We review the court's decision for abuse of discretion. See Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir.1993), cert. denied, 511 U.S. 1034 (1994).

Although pro se litigants' filings are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), they are still subject to the federal rules of civil and appellate procedure. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994), cert. denied, 513 U.S. 1090 (1995). At minimum, rule 8(a) requires a comprehensible, "short and plain" statement of the claim(s) sufficient to give the opposing party reasonable and fair notice of the basis of the complaint. See, e.g., Carpenter v. Williams, 86 F.3d 1015, 1016 (10th Cir. 1996); Monument Builders

v. Am. Cemetery Ass'n, 891 F.2d 1473, 1480 (10th Cir. 1989), cert. denied, 495 U.S. 930 (1990). The district court did not abuse its discretion by finding that Plaintiff's amended complaint failed this minimum standard. Indeed, it would be manifestly unfair to expect Defendants to respond reasonably to Plaintiff's colossal, often incomprehensible, complaint.

Plaintiff's motion on appeal for default judgment is **DENIED**. The judgment of the district court is **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge