**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

AHMED ABDELSAMED,

      Plaintiff - Appellant,

      v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 01-1496
(D. C. No. 99-WM-2012)
(D. Colorado)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, **EBEL** , and **LUCERO** , Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is from an order of the district court dismissing without prejudice plaintiff's fifth amended verified complaint pursuant to Fed. R. Civ. P. 8.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This plaintiff has repeatedly filed conclusory and non-specific petitions in the district court and appealed those determinations to this court. In this Fifth Amended Complaint, plaintiff persists in making a variety of conclusory allegations with respect to his problems with the Internal Revenue Service and asserts generally several causes of actions which he categorizes as discrimination claims. Although a *pro se* litigant's pleadings are entitled to a liberal construction, he must nonetheless follow the rules of federal and appellate procedure. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Moreover, as we admonished this plaintiff before, the parties and the court are under no obligation to craft legal theories for the plaintiff, nor may they supply factual allegations to support a *pro se* plaintiff's claim for relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Although plaintiff in his Fifth Amended Verified Complaint stayed within the page limits required by the rules, he proceeded to incorporate his First Amended Complaint, which consisted of over seventy-five pages, as well as a number of other documents. Plaintiff persists in failing to comply with Fed. R. Civ. P. 8(a) which requires a "short and plain statement" of the court's jurisdiction and the claims showing entitlement to relief, and a demand for judgment on the relief sought. We review the order of the district court for abuse of discretion. We find that the district court did not abuse its discretion. Further,

plaintiff is referred to the previous appeal in this matter in which, in an unpublished order and judgment, this court admonished plaintiff about his continued insistence upon filing a "lengthy, conclusory, and poorly drafted complaint in order to construct a cause of action." *See Ahmed Abdelsamed v. Colorado* , 13 Fed. Appx. 883, 2001 WL 811684 (10th Cir. July 17, 2001). This case is merely another chapter in a long history of plaintiff's inability to comply with the rules of Rule 8(a). In light of the previous admonitions from this court, plaintiff is prohibited from filing further actions related to the claims asserted in these Five Amended Complaints without explicit permission of the district court. The order of the district court is affirmed for substantially the reasons given by the magistrate judge and by this court in its previous orders.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge