**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 31 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AHMED ABDELSAMED,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
GREGORY JOHN HOCK;
STEVEN TAFFET; CHRISTINE
JOBIN; JEAN DUBOFSKY; STATE
OF COLORADO; COUNTY OF
EL PASO,

Defendants-Appellees.

No. 02-1504
(D.C. No. 01-N-1774 (CBS))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **HARTZ** , **BALDOCK** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Ahmed Abdelsamed, appearing *pro se*, appeals the district court's order dismissing his complaint because he did not satisfy the pleading requirements of Fed. R. Civ. P. 8(a), or state any legally cognizable claim. In his 105-page complaint (including its seven attached appendices), plaintiff alleges a convoluted conspiracy by the United States of America; the State of Colorado; the County of El Paso, Colorado; his prior trial and appellate attorneys, Steven Taffet and Jean Dubofsky, his court-appointed conservator, Gregory John Hock; and Mr. Hock's counsel, Christine Jobin, to violate criminal laws, to obtain his property by wrongful means, to violate his constitutional rights, and to hide their alleged misdeeds from the courts. We affirm.

Plaintiff was awarded more than $1 million in a 1987 lawsuit against his disability insurer. *See generally Hock v. New York Life Ins. Co.*, 876 P.2d 1242 (Colo. 1994). The damage award was ultimately deposited in federal court via an interpleader action. In 1995, a federal district court approved the disbursement of a portion of those funds to the United States and to the individual defendants in this case in a manner consistent with previously negotiated settlement agreements. The essence of plaintiff's complaint is that these funds were improperly disbursed.

In a comprehensive, thirty-seven page report adopted by the district court, the magistrate judge recommended dismissing plaintiff's complaint for failure to

-2-

satisfy the requirements of Rule 8(a) by providing the defendants with "fair notice" of his claims "and the grounds upon which [they] rest[ ]," *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and for failure to state any legally cognizable claim. The report, which is attached to the district court's order of dismissal, included a detailed recitation of the relevant factual background. *See Abdelsamed v. United States*, No. Civ. A. 01-N-1774(CBS), 2002 WL 31409521, at *5-7 (D. Colo. Sept. 17, 2002) (unpublished disposition). The magistrate judge went to great lengths to construe plaintiff's complaint liberally, although the complaint is, as the magistrate judge accurately found, "unintelligible," and "vague and virtually unreadable." *Id*. at *10 (quotations omitted). The magistrate judge reviewed all of the possible claims asserted by the plaintiff and articulated, point-by-point, the many reasons why plaintiff's allegations against the different defendants were legally insufficient to state any claim. *Id*. at *11-22.

Further, the magistrate judge outlined plaintiff's three previous lawsuits arising from, or related to, the 1995 disbursement, all of which had previously been dismissed because of plaintiff's repeated failure to satisfy the requirements of Rule 8(a). *Id*. at *7. *See Abdelsamed v. United States*, 31 Fed. Appx. 632 (10th Cir. Mar. 27, 2002) (affirming dismissal and prohibiting plaintiff from filing further actions related to these claims without explicit permission from the district court), *cert. denied*, 123 S. Ct. 1798 (2003); *Abdelsamed v. United States*,

13 Fed. Appx. 883 (10th Cir. July 17, 2001) (affirming dismissal); *Abdelsamed v. Colorado*, 6 Fed. Appx. 771 (10th Cir. Mar. 26, 2001) (same).

We cannot improve upon the careful, thorough, and able evaluation and analysis of the magistrate judge. Plaintiff has not articulated any comprehensible argument why the district court erred in dismissing his complaint. Accordingly, we affirm the judgment of the district court for substantially the same reasons set forth in the magistrate judge's Report and Recommendation dated July 23, 2002. We note that, based on plaintiff's history of filing vexatious *pro se* pleadings, and in order to enforce the filing restrictions this court imposed in *Abdelsamed*, 31 Fed. Appx. at 633, the district court enjoined plaintiff from proceeding as a proponent of any claim in the United States District Court for the District of Colorado without representation of a licensed attorney, unless he first obtains permission of that court to proceed *pro se*. We find no abuse of the district court's discretion in this regard.

Plaintiff's motion to "Appoint an Independent Panel from a different Circuit" is DENIED. His motions to file a corrected opening brief and to file

-4-

replies out-of-time are GRANTED.  The judgment of the district court is

AFFIRMED.

<div style="margin-left:50%">

Entered for the Court


Bobby R. Baldock
Circuit Judge

</div>