**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 14 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN ERIC THOMAS,

    Plaintiff-Appellant,

v.

JOSEPH E. GUNJA, Warden;
KATHLEEN HAWK SAWYER,
Director, F.B.O.P.; A.W. ROWLETT,
Unit Manager,

    Defendants-Appellees.

No. 03-1129

(D.C. No. 02-Z-2169)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument.

Plaintiff John Eric Thomas is an inmate at the United States Penitentiary (USP) in Florence, Colorado.[1] He filed this civil rights action pro se against prison officials seeking both monetary and injunctive relief. See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). As best we can discern, Plaintiff's principal complaint concerns his transfer from USP Terre Haute, Indiana to USP Florence in September 2002.[2] The record contains a disciplinary report from USP Terre Haute, finding that Plaintiff assaulted another inmate in 2002." The Federal Bureau of Prisons transferred Plaintiff to USP Florence that same year, where he is housed in a restrictive unit.

---

[1] Plaintiff's incarceration apparently is the result of his possession of a firearm in violation of 18 U.S.C. § 922(g). See United States v. Thomas, 1999 WL 274518 (7th Cir. 1999) (unpublished). The Seventh Circuit affirmed the district court's sentencing decision to depart upward from Thomas' criminal history category based on his prison conduct record with the Indiana Department of Corrections. See id. at **1.

[2] In his opening brief, Plaintiff also asserts denial of good time credits, denial of access to the courts, racism, and deliberate indifference to his needs. Plaintiff, however, offers only conclusory allegations to support these claims. The district court ordered Plaintiff to file an amended complaint supplying the factual bases for these claims. See Fed. R. Civ. P. 8. In response, Plaintiff filed a motion for the presiding judge to recuse as impartial. We have repeatedly opined that–

> "[a]lthough a *pro se* litigant's pleadings are entitled to a liberal construction, he must follow the rules of federal and appellate procedure. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Moreover . . . the parties and the court are under no obligation to craft legal theories for the plaintiff, nor may they supply factual allegations to support a *pro se* plaintiff's claim for relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Abdelsamed v. United States, 31 Fed. Appx. 632, 633 (10th Cir. 2002) (unpublished). Accordingly, we refuse to consider these claims.

2

According to Plaintiff, he attempted to file a grievance objecting to his transfer; however Defendant Prison Officials have refused to process his grievance, thereby depriving him of liberty. According to both Plaintiff's notice of appeal and opening brief, the "foundation of the grievance was to inquire into why Plaintiff was transferred to this gang and disciplinary U.S. Penitentiary, Florence, Colorado, being Plaintiff is not and has never been a gang member and Plaintiff was *not* transferred to this U.S. Penitentiary for disciplinary reasons." (emphasis added). The district court dismissed Plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

In Meachum v. Fano, 427 U.S. 215 (1976), the Supreme Court decided the very issue Plaintiff raises on appeal: Whether Due Process "entitles a . . . prisoner to a hearing when he is transferred to a prison the conditions of which are substantially less favorable to the prisoner, absent a . . . law or practice conditioning such transfers on proof of serious misconduct or the occurrence of other events." Id. at 216. The Court answered no:

> "[W]e cannot agree that *any* change in the conditions of confinement
> having a substantial adverse impact on the prisoner involved is sufficient
> to invoke the protections of the Due Process Clause. . . . The Constitution
> does not . . . guarantee that the convicted prisoner will be placed in any
> particular prison . . . . The conviction has sufficiently extinguished the
> defendant's liberty interest to empower the [Government] to confine him
> in *any* of its prisons.
>
> Neither . . . does the Due Process Clause in and of itself protect a duly
> convicted prisoner against transfer from one institution to another within

3

> the . . . prison system. . . . That life in one prison is much more disagreeable than in another does not in itself signify that a . . . liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules.

Id. at 224-225.

In Sandin v. Conner, 515 U.S. 472 (1995), the Court "reexamine[d] the circumstances under which . . . prison regulations afford an inmate a liberty interest protected by the Due Process Clause." Id. at 474. The Court reaffirmed "the due process principles . . . correctly established and applied in . . . Meachum." Id. at 483. In Sandin, the Court held "Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Id. at 486. In so holding, the Court explained that in the prison setting, liberty interests protected by Due Process "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

The Supreme Court's decisions in Sandin and Meachum sound the deathknell of Plaintiff's appeal. Plaintiff possesses no liberty interest in residing in any particular federal prison. The Federal Bureau of Prisons has the discretion to transfer inmates to alternative facilities "'for whatever reason or for no reason at all.'" Id. at 479 (quoting Meachum, 427 U.S. at 228). Furthermore, Plaintiff's transfer from USP Terre Haute

4

to USP Florence did not impose atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life. As such, Plaintiff has no right to a grievance hearing objecting to his transfer:

> Transfers between institutions . . . are made for a variety of reasons and often involve no more than informed predictions as to what would best serve institutional security or the safety and welfare of the inmate. Yet under the approach urged here, any transfer, for whatever reason, would require a hearing as long as it could be said that the transfer would place the prisoner in substantially more burdensome conditions than he had been experiencing. We are unwilling to go so far.

Meachum, 427 U.S. at 225.

Accordingly, the judgment of the district court is AFFIRMED. Until Plaintiff pays in full the partial filing fee of $105.00 assessed by the Clerk of Court on May 29, 2003, Plaintiff is prohibited from filing further lawsuits related to the claims asserted in this action without explicit permission of the district court. See Abdelsamed v. United States, 31 Fed. Appx. 632, 633 (10th Cir. 2002) (unpublished).

SO ORDERED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

5