**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 18, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RANDY K. GOMETZ,

     Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
FEDERAL BUREAU OF PRISONS;
HARRELL WATTS; MICHAEL K.
NALLEY; RON WILEY; JOHN T.
SHARTLE; MARK A. MUNSON;
MAUREEN S. CRUZ; H. CHURCH; M.
COLLINS; T. GOMEZ; T. SUDLOW;
FENLON; HAGOOD; CLARK; G.
KNOX; MANLEY; A. OSAGIE; M.
SCHAPPAUGH; DALGLISH; S.
NAFZIGER; UNKNOWN PHYSICIAN'S
ASSISTANT; UNKNOWN MAIL ROOM
OFFICER; CINK,

     Defendants-Appellees.

No. 08-1470
(D.C. No. 1:08-CV-01258-ZLW)
(D. Colo)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This appeal involves the district court's dismissal without prejudice of Plaintiff-Appellant Randy Gometz's <u>Bivens</u> action. <u>See</u> <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Mr. Gometz, a federal prisoner proceeding pro se, alleges numerous violations of his constitutional rights, including violations of his due process rights under the Fifth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment. The district court dismissed this case without prejudice after Mr. Gometz failed to timely comply with the court's order to file a second amended complaint. Mr. Gometz filed a request for reconsideration, which the district court denied. This appeal followed, challenging both the district court's dismissal of Mr. Gometz's case and its denial of his motion for reconsideration.[1]

For substantially the reasons stated by the district court, we AFFIRM. Further, this court DENIES the motions Mr. Gometz has filed with this court while this appeal was pending.

---

[1] This court has appellate jurisdiction over the district court's dismissal of this case even though the dismissal was without prejudice, because the district court dismissed the entire action, not just the complaint. <u>See</u> <u>B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.</u>, 531 F.3d 1282, 1296 n.15 (10th Cir. 2008) ("A dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available), while a dismissal of the entire action is ordinarily final.") (quoting <u>Moya v. Schollenbarger</u>, 465 F.3d 444, 448-49 (10th Cir. 2006)).

## I. Background

Mr. Gometz's initial complaint was nearly 100 pages long. The district court ordered Mr. Gometz to file an amended complaint that complied with his duty to provide the court with a "short and plain statement of the claim." Fed. R. Civ. P. 8. Mr. Gometz filed an amended complaint on August 14, 2008. Although this complaint was shorter than his original complaint, it was still very long. Further, the district court found that despite the length of the complaint, Mr. Gometz had failed to explain "how each named Defendant personally participated in the asserted constitutional violations." (ROA Doc. 12 at 3.) Accordingly, the district court ordered Mr. Gometz to file a second amended complaint within 30 days. The court subsequently extended the time for Mr. Gometz to file his second amended complaint until October 24, 2008.

Mr. Gometz did not file his second amended complaint until November 6, 2008. The district court therefore dismissed this case.

Following the district court's dismissal, Mr. Gometz filed a motion objecting to the magistrate's ruling. The order of dismissal had actually been entered by District Judge Weinshienk, not the magistrate, but the court liberally construed Mr. Gometz's pro se motion. Mr. Gometz asked the court to reconsider its dismissal in light of the fact that he is disabled, did not have copies of his original complaint—thus making it difficult for him to draft an amended complaint—and filed his second amended complaint only a few days after the

court's deadline. Since that motion was filed within ten days of the district court's dismissal of the case, the district court construed it as a motion for reconsideration pursuant to Fed. R. Civ. P. 59. The district court denied his motion, finding that he "does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice." (ROA Doc. 21 at 3.) This timely appeal followed.

## II. Discussion

"A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement." Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993). This court reviews a district court's dismissal without prejudice for failure to comply with Rule 8 for an abuse of discretion. See Abdelsamed v. United States, 13 Fed. Appx. 883, 884 (10th Cir. July 17, 2001) (unpublished); Kuehl, 8 F.3d at 908.

This court also reviews "a district court's denial of a Fed. R. Civ. P. 59(e) motion for reconsideration under an abuse of discretion standard." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009) (citation omitted). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for

- 4 -

reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

The district court did not abuse its discretion in dismissing Mr. Gometz's complaint after he failed to file a second amended pleading as ordered by the judge. The district court generously gave Mr. Gometz a second opportunity to amend his complaint, after his first amendment failed to cure the problems in his original complaint. Further, the court granted his request for an extension on the deadline for his second amended complaint, and only dismissed the case after Mr. Gometz failed to file his second amended complaint within that extended timeframe. In these circumstances, we cannot say the district court abused its discretion by dismissing Mr. Gometz's case without prejudice. Cf. Abdelsamed, 13 Fed. Appx. at 884 (upholding dismissal for failure to comply with Rule 8 where appellant's amended complaint failed to cure the errors found in the original complaint); Ciralsky v. C.I.A., 355 F.3d 661, 669-70 (D.C. Cir. 2004) (upholding dismissal for failure to comply with Rule 8 where amended complaint did not cure the defects found in the original, and noting that, although dismissal with prejudice may have been too harsh, dismissal without prejudice was entirely appropriate).

Nor did the district court abuse its discretion in deciding that none of the bases for granting relief under Rule 59(e) applied in this case. Mr. Gometz failed

- 5 -

to point to any new law or evidence that the court did not have before it when it issued its order of dismissal or show that dismissal of this case without prejudice would cause clear error or manifest injustice.

The district court's dismissal of his case was without prejudice. This means that Mr. Gometz may file a new complaint before the district court that complies with all the rules discussed in this opinion and the district court's orders, and provided he does not have statute of limitations or other difficulties. Any new complaint can address the issues Mr. Gometz has raised in the motions filed before this court while this appeal was pending, and so they are all denied as moot.

## III.  Conclusion

For the foregoing reasons, this court AFFIRMS the district court's dismissal of this case without prejudice, AFFIRMS the district court's denial of Mr. Gometz's motion for reconsideration, and DENIES the motions he has filed before this court while his appeal was pending.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge