**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES E. CHANEY, JR.,

      Plaintiff - Appellant,

v.

WAL-MART STORES INC.; WAL-
MART STORE #517,

      Defendants - Appellees.

No. 16-6255
(D.C. No. 5:16-CV-00111-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.[**]

---

Plaintiff-Appellant James E. Chaney, Jr., appeals from a district court order

dismissing his claims with prejudice for failure to file an amended complaint as

ordered by the court. 1 R. 388–91. Although we are mindful that Mr. Chaney is

proceeding pro se, we affirm the district court's decision and dismiss the appeal

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

for substantially the same reasons given by the district court.

This appeal arises out of the second of two lawsuits that Mr. Chaney filed against Wal-Mart, his former employer. In the first suit, Wal-Mart filed a motion to dismiss. The district court dismissed one claim with prejudice, and dismissed without prejudice several others with leave to file an amended complaint. Mr. Chaney filed an amended complaint. However, he did not respond to Wal-Mart's motion to dismiss the amended complaint, so the district court dismissed the action without prejudice. Chaney v. Wal-Mart Stores Inc., No. CIV-16-111-R, 2016 WL 4083502, *1 (W.D. Okla. Aug. 1, 2016); 1 R. 160–61. Mr. Chaney then filed this action, alleging that Wal-Mart harassed and retaliated against him due to his disability, retaliated against him for his whistleblower activities, and retaliated against him for filing for workers' compensation. See Chaney, 2016 WL 4083502, at *2–5.

The district court dismissed three claims with prejudice. See id. at *2–3, *5. However, it provided Mr. Chaney with 14 days to amend his complaint to cure specific defects with respect to his remaining claims, namely his whistleblower retaliation claim and his workers' compensation retaliation claim. Id. at *4–5. The court advised that a failure to file an amended complaint to cure the identified defects would result in a dismissal with prejudice. Id. Because Mr. Chaney subsequently failed to file an amended complaint, the district court

- 2 -

dismissed the case with prejudice.  1 R. 388–91.

On appeal, Mr. Chaney argues that the dismissal was in error because it denied him his right to procedural due process and because the district court may have been biased against him.  He requests that this court reverse the district court's order dismissing the case for failure to amend and enter judgment in his favor.

We review the district court's dismissal with prejudice for an abuse of discretion.  United States ex rel. Stone v. Rockwell Int'l Corp., 282 F.3d 787, 809 (10th Cir. 2002).  Having reviewed the parties' briefs and the record, we conclude that the district court did not abuse its discretion in dismissing Mr. Chaney's complaint with prejudice after he failed to file an amended complaint as ordered by the court.  Cf. Gometz v. United States, 334 F. App'x 889, 892 (10th Cir. 2009) (unpublished).  Further, Mr. Chaney's suggestion of potential bias is entirely speculative, which is insufficient to demonstrate judicial bias.  See Willner v. Univ. of Kan., 848 F.2d 1023, 1027 (10th Cir. 1988).

To the extent Mr. Chaney also challenges other decisions of the district court, including the dismissal of his other claims and an order quashing his subpoenas, we affirm for substantially the same reasons given by the district court.  Further, we reject any attempt, if indeed there is one, by Mr. Chaney to assert for the first time on appeal a new cause of action for Medicare or workers'

compensation fraud.  <u>See</u> <u>Callahan v. Poppell</u>, 471 F.3d 1155, 1161 (10th Cir.

2006).

Accordingly, we DENY IFP, AFFIRM, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge