[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12202
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-02118-ODE


RONALD A. NURSE,

                                                        Plaintiff-Appellant,

versus

SHERATON ATLANTA HOTEL,
WALDEN UNIVERSITY,
MATHEW BUCKLEY,
Hon. Dr.,
SAVITI SAXON-DIXON,
Hon. Dr.,

                                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 10, 2015)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Ronald A. Nurse, proceeding *pro se*, appeals the district court's *sua sponte* dismissal with prejudice of his amended complaint, which asserted 21 claims against the Sheraton Atlanta Hotel, Walden University, and two university employees, including alleged violations of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; Title IX of the Education Amendments of 1972, 20 U.S.C. §1681-1688; and the Age Discrimination Act of 1975, 42 U.S.C. §§ 6101-6107. After a careful review of the record and Mr. Nurse's brief, we affirm.[1]

## I

A magistrate judge granted Mr. Nurse leave to proceed *in forma pauperis*, but noted that because he was proceeding IFP, his initial complaint was subject to *sua sponte* review prior to service of process under 28 U.S.C. § 1915(e)(2). *See* D.E. 11. The magistrate judge ruled that Mr. Nurse's complaint failed to state a claim upon which relief could be granted, and was an impermissible shotgun pleading. Accordingly, the magistrate judge ordered Mr. Nurse to amend his complaint within 14 days, and provided Mr. Nurse with specific, detailed instructions on how to remedy the complaint's deficiencies. Mr. Nurse was instructed to:

---

[1] The appellees were not served with Mr. Nurse's complaint or amended complaint in the district court, and consequently did not file a responsive brief on appeal.

2

(1) address the shortcomings noted [in the order]; (2) comply with the pleading requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure; (3) include a factual background section setting forth *specific* factual allegations in support of [his] claims which directly pertain to [his] case; (4) identify by reference with specific factual allegations and acts by the Defendants support[ing] each cause of action within each count of [his] Complaint; (5) clearly specify which Defendant is responsible for the alleged unlawful acts referenced within the Complaint; (6) clearly indicate the Defendant or Defendants against whom [he] is bringing each cause of action and fully identify each Defendant's role with regard to any alleged cause of action; (7) clearly identify by specific reference the federal, state or local law or laws within each cause of action asserted by [him]; and (8) exclude all generalized and immaterial facts, statement and allegations not specifically related to [his] claims of relief.

*Id.* at 7–8 (emphasis original).  The magistrate judge concluded by cautioning Mr. Nurse that "**failure to timely file his repleaded Complaint and cure the aforementioned deficiencies will result in this Court's recommendation that [his] case be dismissed with prejudice.**"  *Id.* at 8 (emphasis original).

Mr. Nurse filed an amended complaint, which the district court ruled was untimely.  *See* D.E. 17 at 4.  Nonetheless, the district court reviewed Mr. Nurse's amended complaint and ruled that it was frivolous, *see id.* at 5–6, and that, "like the original Complaint, [the amended complaint was] a classic shotgun pleading."  *Id.* at 6–7.  Specifically, the district court stated that "[d]ue to the shotgun nature of [Mr. Nurse's] Amended Complaint, it is virtually impossible . . . to ascertain the facts intended to support each claim for relief, and any such effort to do so derails the Court's obligation to administer justice in an orderly, efficient, and effective

3

manner." *Id.* at 8.  The district court went on to note that Mr. Nurse attempted to amend his complaint three times, but "repeatedly failed to comply with Rules 8 and 9 of the Federal Rules of Civil Procudure." *Id.*[2]

The district court ruled that Mr. Nurse's amended complaint "suffers from many of the same deficiencies cited in [the magistrate's] dismissal . . . of the original Complaint." *Id.* at 6.  The district court dismissed Mr. Nurse's amended complaint with prejudice and subsequently entered judgment dismissing the action as frivolous "pursuant to 28 U.S.C. [§] 1915A." [D.E. 18.]

## II

Because we may affirm on any of the grounds set forth by the district court, we first address the dismissal of Mr. Nurse's amended complaint for failure to comply with court rules and a court order.  We review such an order for abuse of discretion.  *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).  We have explained that under this deferential standard of review, we will not disturb a district court's ruling "unless we find that the district court [ ] made a clear error of judgment, or [ ] applied the wrong legal standard." *Guideone*

---

[2] The district court's docket indicates that Mr. Nurse filed two motions for leave to amend his initial complaint, *see* D.E. 9 & 10, prior to the magistrate judge's order putting Mr. Nurse on notice that his initial complaint was deficient and warning him that failure to cure the deficiencies could result in dismissal with prejudice. *See* D.E. 11.  Mr. Nurse's motions for leave to amend include memoranda in support of the motions, which, like his complaint, amended complaint, and brief on appeal, are difficult to decipher.

*Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1325 (11th Cir. 2005).

### III

District courts "possess[ ] the inherent power to police [their] dockets." *Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Included within this inherent power is the authority to "impose formal sanctions upon dilatory litigants." *Id.* The sanctions available to a district court "range from a simple reprimand to an order dismissing the action *with or without prejudice*." *Mingo*, 864 F.2d at 102 (emphasis added). *See also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.").

We have recognized that dismissal with prejudice is an extreme sanction, which should be employed as a last resort. *See Goforth*, 766 F.2d at 1535. Dismissal with prejudice may be appropriate, however, in cases where, as here, the party, as opposed to the party's lawyer, is culpable. *See Betty K Agencies*, 432 F.3d at 1337. "[D]ismissal with prejudice, . . . sua sponte, . . . may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Id. at* 1338 (internal quotation marks and citation omitted). Nevertheless, we have occasionally "found implicit in an order

5

the conclusion that lesser sanctions would not suffice." *Mingo*, 864 F.2d at 102 (internal quotation marks and citation omitted). *See also Goforth*, 766 F.2d at 1535 ("The record also supports an implicit finding that any lesser sanction than dismissal would not have served the interests of justice."); *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006) (explaining that a district court need not explicitly consider lesser sanctions and reject them in order to dismiss with prejudice). Importantly, we have explained that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (involving a *pro se* litigant who "stubbornly violated the Federal Rules and court orders").

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). "Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). We have condemned shotgun pleadings for decades. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979, 985 n.54 (11th Cir. 2008) ("[S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times."). Where, as here, "the plaintiff fails to comply with the court's order—by filing a repleader with the

6

same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).

The magistrate judge provided Mr. Nurse with specific, detailed instructions on how to remedy the deficiencies of his complaint and directed him to the applicable Federal Rules of Civil Procedure for guidance. Rather than heed this advice, however, Mr. Nurse filed an amended complaint that is just as confusing as his initial complaint and four times as long. From our point of view, the magistrate judge's and the district court's characterization of Mr. Nurse's amended complaint as a shotgun complaint is fitting. Indeed, it is a far cry from the "short and plain statement of the claim," required by Rule 8 of the Federal Rules of Civil Procedure. Rather, it is an 18-page hodgepodge of allegations and defendants that we cannot reasonably decipher. *See* D.E. 13.

The amended complaint contains 21 counts alleging violations of Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, unfair business practices, "malfeasance and continuous misandry," fraud of federal student loans, breach of confidentiality, slander and libel, "taunting and teasing the plaintiff after he filed his lawsuit," cruel and unusual punishment, false advertising, malicious prosecution, "conspiracy to

destroy plaintiff's education and lifestyle," infliction of emotional distress, failing to protect plaintiff from bullying and hate crimes, and violations of the Fourteenth Amendment—to name but a few.

History teaches us that "unless cases are pled clearly and precisely, . . . [a] trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson*, 77 F.3d at 367. Filing a lawsuit is a serious matter, which often times results in significant consequences to the parties. And judicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors and warned that failing to do so will result in dismissal with prejudice, continue in their recalcitrance. *See Wagner*, 464 F.3d at 1279. On this record, and in light of Mr. Nurse's failure to heed the magistrate judge's explicit guidance, we are hard-pressed to see how allowing Mr. Nurse to amend his complaint a third time would have yielded a more intelligible pleading. Accordingly, we conclude that district court did not abuse its discretion by dismissing Mr. Nurse's amended complaint with prejudice. *See Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993) (affirming dismissal with prejudice of *pro se* plaintiffs' amended complaint where plaintiffs failed to follow magistrate judge's instructions). *See also Moon*, 863 F.2d at 837.

## III

As noted above, the magistrate judge granted Mr. Nurse leave to proceed *in forma pauperis*.  A district court shall dismiss an IFP complaint at any time if it determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  A similar provision appears in 28 U.S.C. § 1915A, but that provision applies to only civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

The judgment states that the amended complaint was dismissed pursuant to § 1915A, but that provision is inapplicable because Mr. Nurse was not a prisoner and did not seek redress from a governmental entity.  Therefore, although we affirm the district court's order, we vacate the judgment, in part, and remand *sua sponte* for the limited purpose of correcting the clerical error in the judgment.  *See United States v. Campos-Diaz*, 472 F.3d 1278, 1280 (11th Cir. 2006).

## IV

We affirm the district court's dismissal of Mr. Nurse's amended complaint with prejudice, vacate the judgment, and remand for the district court to correct its citation in the judgment to 28 U.S.C. § 1915A.

9

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.**