[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12047
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00258-CB-B,
Bkcy No. 11-bkc-00096-WWS

In Re:   RICHARD D. HORNE,
         PATRICIA NELSON HORNE,

Debtors.
_____

MARY BETH MANTIPLY,

Plaintiff–Appellant
Cross-Appellee,

versus

PATRICIA NELSON HORNE, as personal representative
of the Estate of Richard D. Horne, and individually,

Defendant–Appellee
Cross-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Alabama

_____

(October 28, 2015)

Before HULL, ROSENBAUM and JULIE CARNES, Circuit Judges.

PER CURIAM:

A bankruptcy court denied Plaintiff Mary Beth Mantiply's motion for recusal. The district court affirmed, and Plaintiff now appeals. Defendants Patricia Nelson Horne and Richard D. Horne[1] cross appeal the district court's order denying them appellate attorney's fees. Defendants also filed a motion with this Court seeking attorney's fees for the present appeal.

## I.    BACKGROUND

Defendants filed for Chapter 7 bankruptcy on January 10, 2011. This triggered an automatic stay of any litigation against Defendants under 11 U.S.C. § 362.[2] Notwithstanding the automatic stay, Plaintiff filed a civil action against Mr. Horne in state court. Defendants were discharged from bankruptcy on May 10, 2011. Plaintiff ignored requests to voluntarily dismiss the civil suit against Mr. Horne and maintained the action until it was dismissed in November 2011, more than 200 days after she initially filed her complaint.

Defendants filed a motion in bankruptcy court seeking damages from Plaintiff for violating the automatic stay provision of the bankruptcy code,

---

[1]  Richard Horne died during the pendency of this lawsuit. Although Patricia Nelson Horne was substituted as his personal representative, this order uses "Defendants" for ease of exposition.

[2]  Section 362 states that a bankruptcy petition operates as a stay of, among other things, "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . ." 11 U.S.C. § 362(a)(1).

2

11 U.S.C. § 362.  They later amended their motion to add a request for damages for Plaintiff's violation of the discharge injunction provision of the bankruptcy code, 11 U.S.C. § 524.[3]  The bankruptcy court granted Defendants' amended motion and awarded them $81,714.31 in damages, including $41,714.31 in attorney's fees.

Plaintiff appealed the bankruptcy court's damages award, but the district court affirmed that award.  The district court subsequently denied Plaintiff's motion for rehearing and awarded Defendants $34,551.28 in attorney's fees for defending the appeal.  Plaintiff then filed two identical motions for recusal of the bankruptcy court judge: one in district court and one in bankruptcy court.  Plaintiff sought recusal on the basis of "newly discovered evidence" that the bankruptcy judge was biased.  Specifically, the judge's courtroom deputy is the sister of a paralegal for Defendants' bankruptcy counsel.  The paralegal had offered affidavit testimony during the trial that contradicted Plaintiff's testimony.  According to Plaintiff, the judge credited the paralegal's testimony over Plaintiff's.  Plaintiff alleged that the connection between the courtroom deputy and the paralegal-witness at least gave the appearance of partiality and therefore warranted recusal and vacatur.

---

[3]  Section 524 states that a discharge from bankruptcy "operates as an injunction against the commencement or continuation of an action . . . to collect, recover, or offset any [discharged] debt as a personal liability of the debtor."  11 U.S.C. § 524(a)(2).

3

The bankruptcy court denied Plaintiff's motion for recusal. Plaintiff appealed that ruling and moved to consolidate it with her appeal of the bankruptcy court's damages award.[4] The district court granted Plaintiff's motion to consolidate and affirmed the bankruptcy judge's ruling on Plaintiff's motion for recusal.

Plaintiff then appealed various district court orders to this Court. We considered our jurisdiction to review the orders *sua sponte* and held that Plaintiff could appeal only the district court's order concerning recusal. Defendants cross appealed a second district court order that denied them appellate attorney's fees for defending against Plaintiff's appeal of the bankruptcy court's recusal order.

## II.    RECUSAL

The district court first concluded that recusal was not necessary under the federal judge recusal statute, 28 U.S.C. § 455(a). The district court then determined that, even assuming for the sake of argument the need for recusal under § 455(a), reversal for failure to recuse would not have been required under *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988). We review the district court's order concerning recusal for abuse of discretion. *In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008).

---

[4] A final judgment had not been entered on Plaintiff's earlier appeal of the damages award.

### A.    Recusal was not required under §455(a).

Under § 455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[5]  28 U.S.C. § 455(a). The purpose of § 455(a) is "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible."  *Liljeberg*, 486 U.S. at 865.  Recusal is thus warranted "only if an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007) (internal quotation marks and citation omitted).  We do not consider the perceptions of idiosyncratic, hypersensitive, and cynical observers.  *See Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004).

We agree with the district court that recusal is unwarranted.[6]  To begin with, there is no evidence of a direct connection between the bankruptcy judge and the courtroom deputy's sister.  And like the district court, we are unable to locate any

---

[5]  Plaintiff sought recusal on the basis of § 455(a) alone.  Section 455(b) sets forth several other grounds for recusal.  Because Plaintiff relied exclusively on § 455(a), we do not consider other possible bases for recusal under § 455(b).

[6]  Plaintiff's main argument for recusal is that the bankruptcy judge had an undisclosed connection to a witness.  We address this argument below.  Plaintiff also cites numerous adverse rulings by the bankruptcy court judge that allegedly evidence his bias.  As the district court noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  The district court was correct, and we readily reject Plaintiff's argument that the bankruptcy judge's adverse rulings warrant recusal.

5

cases suggesting that a judge's administrative employee's relationship with a witness is grounds for the judge's recusal.  To the contrary, recusal is warranted on the basis of a judicial employee's relationships only when the employee has (or appears to have) a role in the substantive decision-making process.  *See Byrne v. Nezhat*, 261 F.3d 1075, 1100–02 (11th Cir. 2001) (explaining that the district court did not abuse its discretion by determining that a law clerk's prior employment with a law firm representing a party in the case did not call into question the judge's impartiality and thus did not warrant recusal), *abrogated on other grounds as recognized by Nurse v. Sheraton Atlanta Hotel*, ___ Fed. App'x ___, 2015 WL 4153677, at *3 (11th Cir. July 10, 2015); *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1523–25 (11th Cir. 1988) (concluding that an appearance of impropriety existed because a law clerk's father was a partner in the law firm that represented the defendant, the law clerk held a hearing in the judge's absence, and the judge credited the law clerk in a footnote of the opinion); *Hunt v. Am. Bank & Trust Co. of Baton Rouge*, 783 F.2d 1011, 1015–16 (11th Cir. 1986) (per curiam) (holding that recusal was not required when two of the judge's law clerks had accepted employment offers from the law firm representing the defendants while the case was pending, or because the case had been assigned to one of those law clerks as a "ministerial" matter before the law clerk was screened from it).  The record does not indicate that the courtroom deputy had a role in the bankruptcy judge's

6

decision-making process.  Consequently, recusal was not required.

In addition to our own Court's authority concerning recusal, we find a recent case from the Tenth Circuit Court of Appeals particularly relevant and persuasive. *See Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297 (10th Cir. 2015).  In that case, the husband of the trial judge's law clerk had been hired by the defendant's insurer to monitor the trial.  *Id.* at 1304.  The Tenth Circuit held that the judge did not err in declining to recuse himself because the law clerk did not have continuing substantial participation in the case, the insurer was not the defendant, the law clerk performed only ministerial acts at trial, and she did not participate in drafting post-trial findings and conclusions.  *Id.* at 1312–13.  As mentioned above, the record here is devoid of evidence that the courtroom deputy had any substantive role in the bankruptcy judge's decision.  Moreover, the deputy's sister was merely an affiant, not the defendant.  These facts lead us to agree with the district court that recusal was not warranted and indeed would have been inappropriate.  *See United States v. Greenough,* 782 F.2d 1556, 1558 (11th Cir. 1986) ("[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation.").

In sum, recusal is not required merely because the movant can "draw[ ] a line . . . connecting a person within chambers to a person or firm related, no matter how remotely, to a party in the case." *Mathis*, 787 F.3d at 1312 ) (internal

7

quotation marks omitted) (citing *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1417 (9th Cir. 1995).  Because Plaintiff has done no more than identify a relationship between the courtroom deputy and a witness in the case, we affirm the district court's holding that recusal was not required.

### B.    The absence of a § 455(a) violation ends our inquiry.

The district court was not required to go further in its analysis once it concluded that recusal was unnecessary under § 455(a).  Nevertheless, the court considered whether, assuming *arguendo* that recusal had been warranted under § 455(a), reversal would have been appropriate under *Liljeberg*.  Because the district court did not abuse its discretion in making its recusal determination, we do not analyze whether, in a counter-factual world in which a § 455(a) violation had occurred, vacatur would be appropriate under *Liljeberg*.

### III.    APPELLATE ATTORNEY'S FEES

Defendants cross appeal the district court's order denying them appellate attorney's fees incurred during Plaintiff's unsuccessful appeal of the bankruptcy court's recusal order.[7]  The district court's order states that because the underlying appeal "involve[d] violation of the *discharge injunction*," attorney's fees are "not authorized."  By that statement, the court was perhaps explaining that attorney's

---

[7] Defendants seek a total of $14,918.60 in fees associated with the district court proceedings concerning recusal.

8

fees for litigation dealing with violations of the discharge injunction are discretionary. *See* 11 U.S.C. § 105; *In re Hardy*, 97 F.3d 1384, 1389–91 (11th Cir. 1996). If so, the court was presumably exercising its discretion not to award attorney's fees for Defendants' expenses during the appeal.

A problem with that analysis arises, however, due to the fact that the district court cites 11 U.S.C. § 362(k), which provides that "an individual injured by any willful violation of a stay . . . *shall* recover actual damages, including costs and attorneys' fees" (emphasis added), which presumably means that an award of attorney's fees is mandatory for a stay violation, albeit only discretionary for a discharge violation. The district court declined to explain why Plaintiff's recusal motion did not involve the litigation over her stay violation, as well as her discharge violation. Instead, the court cites its order that ruled on the merits of the recusal appeal. But that order provides no help here. It says only that "[Plaintiff] admits that she violated the automatic stay and seeks reversal only as to the violation of the discharge injunction."

The district court does not provide a citation or other support for the above statement. We have combed the more than 3,000 page record and are no more enlightened. Plaintiff's various motions and briefs suggest that she seeks a new trial for *all* issues litigated before the bankruptcy court, including the stay violation. For example, Plaintiff's motion for recusal alleges that as a result of the

9

bankruptcy judge's alleged bias, Plaintiff's "credibility *as to all other issues* and areas of her testimony was damaged." Her reply brief in defense of her recusal appeal at the district court states that "[i]t is obvious that [Plaintiff] is entitled both to a new trial and vacatur" and "reversal and vacatur of [the bankruptcy judge's] prior *decisions* is mandated, recusal ordered, and a new bankruptcy judge appointed." In sum, Plaintiff does not appear to have limited her motion for recusal and vacatur to the discharge injunction litigation.[8]

At times even the district court seems not to construe Plaintiff's motion for recusal so narrowly. In its order addressing Plaintiff's appeal of the bankruptcy court's denial of her motion for recusal, the district court writes: "[Plaintiff] argues that . . . application of the correct legal standard [for recusal] should result in [the bankruptcy judge's] disqualification and vacatur of the sanctions award." Notably, Defendants' sanctions award included damages for Plaintiff's violation of both the stay and the discharge injunction.

---

[8] However, during the course of her appeal to this Court, Plaintiff has changed her tune, ultimately adopting the district court's conclusion. Plaintiff's first brief argues that "[Plaintiff] has substantial grounds for remand for a new trial and to vacate the tainted judgments based on the appearance of impropriety under Section 455(a)." Plaintiff does not focus on the judgment for the discharge injunction violation but on the entire damages award, including the award based on her stay violation. Even in her brief in response to Defendants' brief, Plaintiff suggests that she was originally seeking "vacatur of the entire sanctions judgment affirmed in the first appeal," including both "the discharge injunction and the automatic stay" decisions. But in her response to Defendants' amended motion for attorney's fees, Plaintiff writes that "Appellees have cross-appealed the district court's denial of attorneys fees as they relate to the violation of the discharge injunction only." Nevertheless, as far as we can tell, when the issue of attorney's fees for Plaintiff's appeal of the recusal order was before the district court, Plaintiff did not construe her appeal as concerning only the trial of the discharge injunction.

Perhaps the district court judge's thought process was as follows: *Plaintiff is alleging bias because the bankruptcy judge credited the courtroom deputy's sister's testimony over Plaintiff's. That testimony was relevant to the discharge injunction. Therefore, Plaintiff seeks recusal only with respect to the discharge injunction judgment.*

But even if Plaintiff is challenging the bankruptcy judge's impartiality based on his treatment of her testimony concerning the discharge injunction, Plaintiff has not so limited her recusal motion, as amply demonstrated in the foregoing paragraphs.[9] She apparently seeks to have the entire damages award vacated and retried. In any event, we cannot ascertain a basis in the record for the district court's conclusion that the recusal appeal involved only the discharge violation and not the stay violation. We therefore remand this cross appeal to the district court with instructions to reconsider the Defendants' motion for appellate attorney's fees in light of a substantiated recitation of the facts and application of the law to those facts.

---

[9] As noted, Plaintiff has, in her latest brief, suggested that the recusal order pertained only to the discharge injunction violation and not the stay violation. This after-the-fact adoption of the district court's framing of the issue does not control whether Plaintiff's recusal appeal concerned the stay violation. Plaintiff's and the district court's contemporaneous statements are relevant and telling.

11

## IV.    CONCLUSION

For the foregoing reasons, we AFFIRM the district court's ruling on Plaintiff's motion for recusal and REMAND Defendants' cross appeal of the district court's order denying appellate attorney's fees for Plaintiff's appeal of the bankruptcy court's recusal decision.  Having remanded Defendants' motion for appellate attorney's fees incurred in the district court, we DENY without prejudice Defendants' amended motion for appellate attorney's fees incurred in the present appeal before our Court.